HARRIET O. CHISHOLM, Respondrix, *vs.* NAT. CAPITOL LIFE
INS. CO., Appellant.

1. *Insurance—Policies—Consideration—Contracts of marriage.*—A woman en-
gaged to be married to a man, has an insurable interest in his life.

*Appeal from St. Louis Circuit Court.*

*Henderschott and Chandler*, for Appellant.

A life policy is not one of indemnity. (Dally vs. The In-
dia and Life Assurance Company, 15 Com. Bench., 364.)

The act of 4, Geo. III, Chap. 48 is declaratory of the Common
Law. (Bunyon on Life Ins., 19; Ruse vs. Mutual Benefit,
1 Bigelow, 472.

The plaintiff had no insurable interest in the life of Clark.
All of the American cases agree that there must be some in-
terest.

The following cases show a direct pecuniary interest.
Mutual Life Ins. Co. vs. Johnston, 1 Bigelow, 327; Hoyt
vs. N. Y. Life Ins. Co., Id., 497; Am. Life Ins. Co. vs. Rob-
ert Shaw, Id., 665; Rawls vs. American Life Ins. Co., Id.,
549; Bevin vs. Conn. Mut., Id., 19; Miller vs. Eagle Life
Ins. Co., Id., 375; Mitchell vs. Mut. Life Ins. Co., Id., 137;
McKee vs. Phœnix Ins. Co., 28 Mo., 385; Loomis vs. Eagle
Life Ins. Co., Id., 175; Mitchell vs. Union Life Ins. Co., Id.,
137; Patton vs. National Loan Fund Ins. Society, 1 Bigelow,
409; Mutual Life Ins. Co. of N. Y., vs. Wager, Bigelow, 483.

*Isaac T. Wise*, for Respondent.

I. There is no statute in this State touching this contract, and
therefore this is a contract at common law and valid. (Bunyon
on Life Insurance, 18, note b., *Id.* 21, § 6; Lord vs. Dall, (12
Mass., 115); Bigelow's Life and Accident Reports, 1 Vol.
154, 328, 374; Miller vs. E. G. and H. Co., 2 E. D. Smith,
290; Trenton Life, &c. vs. Johnson, 4 Zabriskie, 576; Shan-
non vs. Nugent, Hayes' Irish Rep., 537; Dalby vs. India and
London Life Ins. Co. 28; English Law and Eq., 28 312;
Campbell vs. N. E. Life, 98 Mass., 381.)

II. Even if an insurable interest was a necessary pre-requisite

to the validity of the contract, the matrimonial contract between plaintiff and the person insured, was amply sufficient.

The certainty or probability, direct or incidental, of pecuniary benefit to the living, or pecuniary loss or damage to any one by the death of another, gives an insurable interest. (Phillips on Ins. C. 3, § XIV; Phila. Life Co. vs. Amer. Life Co., 23 Penn. St., 65; Loomis vs. Eagle Life, 1 Bigelow, 175; McKee vs. Phœnix Ins. Co., 28 Mo., 384; Miller vs. Eagle, Life Ins. Co., 1 Bigelow, 394.)

WAGNER, Judge, delivered the opinion of the court.

The main error assigned and relied upon for the reversal of this case, is the action of the court in refusing to declare that the plaintiff had no such insurable interest in the life of the person insured, as would entitle her to recover.

The record shows that there was a contract of marriage existing between plaintiff and Robert Peel Clark, and that on the 17th day of July, 1869, the defendant made and delivered to plaintiff its policy of insurance whereby it insured the life of the said Clark for the term of his natural life, for the sum of five thousand dollars. The policy was issued and delivered to plaintiff and made payable to her as the intended wife of Clark, she paying the annual premium of ninety dollars and twenty cents. The first premium was duly paid by her, and on the 12th day of January, 1870, whilst the policy was in full force, but before the contemplated marriage had been solemnized, Clark died.

What interest or whether any is necessary in the life of the person insured to support the contract of insurance is left in some confusion by the adjudged cases, as the authorities are contradictory. The leading case of Godsall vs. Bolden, (9 East, 72) was decided on the principle that a contract of life insurance was simply a contract of indemnity, not only requiring an interest in the assured, in order to give it a validity at its inception, but continuing good only so far as it was rendered so by the permanence of such interest. But that case was generally received with great dissatisfaction, and the insurance offices seldom availed themselves of the decision, as

they found it very injurious to their interests to do so. They usually paid the amounts of their life insurances, and the decision was practically disregarded. But the same question was subsequently taken to the Exchequer Chamber on Error in the case of Dalby vs. The India and London Life Assurance Co., (15 Com. Bench, 364,) and Godsall vs. Bolden, was directly overruled.

There it was held, that the contract of life assurance was not one of indemnity, but a mere contract to pay a certain sum of money on the death of a person in consideration of the due payment of certain annual premiums during his life. An insurance on life has in fact very little resemblance to a fire or marine insurance. In a fire or marine insurance the particular object is to indemnify against a pecuniary loss, and the event upon which the money is made payable is the happening of the loss, the terms of the contract being to pay whatever is lost, not exceeding a specified amount. But a life insurance is a valued policy and a contract to pay a certain definite sum on the happening of a particular event, which may or may not occasion a pecuniary loss. In England there is a statute (4 Geo. III., ch. 48,) which enacts in express terms, that no insurance shall be made on the life of any person, wherein the person for whose use such policy shall be made shall have no interest, and that in all cases where the insured hath interest in the life, no greater sum shall be recovered or received from the insurers, than the amount or value of the interest of the insured during such life. But this statute does not extend to Ireland, and the courts of that country have held in a number of cases, that at the common law, policies of insurance are valid without any interest. (Bunyon on Life Ass., p. 11; Shannon vs. Nugent, 1 Hayes, 536; Fergusen vs. Lomax, 2 Dru. and War., 120; Scott vs. Roose, Long and Town, 54; Brit. Ins.Co. vs. Magee, Cooke & Co., [Irish Rep.] 182.)

In this State we have no statute on the subject covering this case, and as the policy is not void by the common law, it can only be declared so on the ground that it is against public

policy. There is nothing to show, that the contract was a mere wagering one, or that it is in any wise against or contrary to public policy. In McKee vs. The Phœnix Ins. Co., (28 Mo., 383,) it was held that where the life of a husband was insured for the benefit of the wife, the policy was not necessarily determined by the wife's obtaining a divorce from the husband, that she might still have an insurable interest in the life of the divorced husband, that would support the policy. In Low vs. Dall, (12 Mass., 115,) the plaintiff was a young female without property, and had been for several years supported and educated at the expense of her brother, who stood toward her in the attitude of a parent. He effected a life policy for her benefit, and it was decided that she had an insurable interest in his life. Parker, C. J., who wrote the opinion of the court, said : " But it is said the interest must be a pecuniary legal interest, to make the contract valid, one that can be no‧ ticed and protected by the law ; such as the interest which a creditor has in the life of his debtor, a child in that of his par‧ ent, &c. The former case indeed of the creditor, would leave no room for doubt. But with respect to a child, for whose benefit a policy may be effected on the life of a parent, the interest, except the insurable one which may result from the legal obligation of the parent to save the child from public charity, is as precarious, as that of a sister in the life of an affectionate brother. For if the brother may withdraw all support, so may the father except as above stated. And yet a policy effected by a child upon the life of a father, who depended on some fund terminable by his death to support the child, would never be questioned, although much more should be secured than the legal interest, which the child had in the protection of his father. Indeed we are all satisfied, that the interest of plaintiff in the life of her brother is of a nature to entitle her to insure it. Nor can it be easily discerned, why the underwriters should make this a question after a loss has taken place, when it does not appear that any doubts existed when the contract was made, although the same subject was then in their contemplation."

This case establishes the principle, that an uncertain interest in the life of the person insured is sufficient to support and uphold a policy in favor of another for whose benefit it was taken. The brother supported and educated the sister, but he was under no legal obligations to do so, and he might have withdrawn that support at any time.

In a well considered case, (The Trenton Mut. Life and Fire Ins. Co. vs. Johnson, 4 Zab., 576) the point has been directly decided, that it is not necessary for the plaintiff to prove an insurable interest in the life insured, and that if any interest were necessary, it need not be such as to constitute any direct claim upon the insured, but it would be sufficient if any indirect advantage might result from the life.

There was no statute in New Jersey when this decision was made, prohibiting such insurances, nor is there any here. The insurance was not a mere wagering contract and therefore cannot be said to contravene any principle of public policy. The plaintiff had an interest in the life of Clark, a valid contract of marriage was subsisting between them. Had he lived and violated the contract she would have had her action for damages. Had he observed and kept the same, then as his wife she would have been entitled to support. In my opinion she had such an interest as was entirely sufficient to render the contract valid. The defense in this case is devoid of merit, and is not creditable to the defendant making it. There is no pretense that there was any concealment of facts at the time of making the contract. Upon the facts there was no hesitation in entering into the agreement and obtaining the premium and issuing the policy. Had the defendant been as willing to observe and fulfill its obligations as it was to receive premiums, then this case would have never occupied the time of the courts.

The judgment should be affirmed, all the Judges concurring.