————o————

EDWARD EVERS, Trustee of CATHERINE EVERS and ELIZA H. DUNSTAN, Respondent, *vs.* THE LIFE ASSOCIATION OF AMERICA, Appellant.

1. *Insurance—Policy payable to married woman—Consideration—Admissions of maker—Joinder of interest in notes—Testimony of married woman as to.—* "A." obtained an interest in a firm by contributing thereto a tract of land bought of his co-partner, and gave certain notes secured by a policy of life insurance to a trustee for his co-partner's wife, in consideration of her relinquishment of dower in the land. By its terms the policy was payable to A. in case he lived beyond a certain period, otherwise to be paid to said trustee.

In suit on said policy after death of A. *held,* 1st. A. might have set up the worthlessness of the land as a defense to the notes, but the insurance company could not defend against the policy on that ground. 2nd. Admissions from A. could not be received to invalidate the policy, there being no joint interest therein between himself and plaintiff, the said trustee. While A. lived he had the sole and absolute interest in the policy, and the interest of plaintiff was contingent on his dying before the date named in the policy, and took

effect only after that event. 3rd. Plaintiff's wife being the real party in interest and the only one having a real and beneficial interest in the suit, as the statute (Wagn. Stat., 936, ? 18) gave her the insurance money absolutely, was entitled to testify. The witness act (Wagn. Stat., 1372, ? 1) permits a married woman to testify, regardless of her interest, where she is the main and substantial party.

*Appeal from St. Louis Circuit Court.*

*I. Z. Smith,* for Appellant.

*Geo. M. Stewart, with G. P. Strong & H. E. Mills,* for Respondent, referred in argument among others to the following authorities: Snell vs. Inhab. of Westport, 9 Gray, 321; Marsh vs. Potter, 30 Barb., 506; Hooper vs. Hooper, 43 Barb., 292; Stark. Ev., 8 Am. Ed., 142, ch. 99, §§ 2, 14, 15; Stokehill vs. Pettingill, 10 Law & Eq., 458; Gay vs. Est. Rogers, 18 Vt., 342; Low vs. Hughes, 29 Ind., 399; Crane vs. Buchanan, 29 Ind., 570; Merriman vs. R. R. Co., 20 Conn., 354; Lucas vs. State, 23 Conn., 18; Berlin vs. Berlin, 52 Mo., 151; Tingley vs. Cowgill, 48 Mo.. 291; Fugate vs. Pierce, 49 Mo., 441; Owen vs. Brockschmidt, 54 Mo., 285.)

WAGNER, Judge, delivered the opinion of the court.

This case comes before us on an appeal from the judgment of the General Term of the Circuit Court, where the judgment at Special Term, which was in favor of the defendant, was reversed.

The suit was instituted on two policies of insurance, issued by the defendant on the life of one R. P. Clark, payable to plaintiff as trustee for his wife, Catharine Evers, and Eliza H. Dunstan, wife of R. W. Dunstan. The record shows that the notes on which the policies were issued were for $5,000 each, made by Clark in consideration of their relinquishment of their dower interest in a large quantity of lands purchased by him and turned over to the firm of Evers & Co., of which firm Clark was admitted as a member.

At the trial, against the objection of the plaintiff, the defendant was permitted to introduce a great deal of testimony tending to show that the lands purchased by Clark of Evers

Evers, Trustee, v. Life Association of America.

and Dunstan were poor or worthless; that the titles were not good; that the conveyances were not made in good faith; that the partnership business was unproductive, and that therefore the consideration for the notes failed.

Evidence was also introduced of the admissions made by Clark in his life-time, to a third person, not in the presence of the plaintiff or the beneficiaries in the policies respecting his past habits and life.

In rebuttal, the plaintiff called Mrs. Evers as a witness, but her testimony was excluded by the court.

1. It is not perceived upon what principle the evidence was admitted showing that Clark, when he bought the lands and entered into the partnership business with Evers & Co., made a bad bargain. The question of trying titles, or investigating the value of lands was not before the court. If the facts as contended for by the defendant were true, Clark might well have complained; but we know of no authority by which the defendant could do it for him, and in his stead. Clark lived for some time after he made the purchases and become a member of the firm, and it does not appear that he ever expressed any dissatisfaction—and he was the only person concerned—as to whether the transaction was beneficial or advantageous. Moreover, it is shown that before the company issued the policies and assumed the risk, their agent examined the matter and was made acquainted with all the facts, and reported them to the superintendent, who declared that the insurable interest in the life of Clark was sufficient, and the policies were then made out and delivered and the premiums paid. It does not appear that there was any suppression or concealment of facts, and in the absence of such suppression or concealment, the company ought not to be allowed to aver anything against its previous action.

The counsel for the plaintiff have argued here that no pecuniary interest in the lives of the insured was necessary to uphold the policies. Our opinion on this subject was expressed in Chisholm vs. National Capitol Life Insurance Co., (52 Mo., 213,) to some extent; but it is not necessary to ex-

amine the question further in this case, as the plaintiff's own instructions assume that such an interest is necessary. He cannot be allowed to contest in this court, the propositions that he advanced in the court below.

2. Did the court rule correctly in allowing the admissions of Clark to be received to invalidate the policies? The rule on this subject is very simple. To render the admissions of one party receivable against another, a joint interest between them must be established. (1 Greenl. Ev., § 176.)

By the terms of the policies they were made payable to Clark himself in the year 1917, in case he lived to that period; but in the event of his dying previously, then they were made payable to the plaintiff as trustee for the beneficiaries therein expressed.

There was no joint interest in the policies during the continuance of Clark's life. Whilst he lived, he had the sole and absolute interest, with the bare contingency resulting to the other parties. Had he survived to the designated time, when the payment of the policies were to enure to him personally, it is palpable that he, and he alone, would have reaped their fruits, and there could have been no pretense that any one was jointly interested with him. The interest of the plaintiffs legally did not take effect till Clark's interest ceased by death, and therefore there could have been no joint interest. Hence it follows that Clark's admissions were not receivable in evidence against the parties to this suit.

3. The next question relates to the action of the court in excluding Mrs. Evers as a witness. The statute provides that no person shall be disqualified as a witness in any civil suit or proceeding at law, or in equity, by reason of his interest in the event of the same, as a party or otherwise. (Wagn. Stat., 1372, § 1.) The fifth section of the same act declares that no married woman shall be disqualified as a witness in any civil suit or proceeding prosecuted in the name of, or against her husband, whether joined or not with her husband as a party in the following cases, to-wit: 1st. In actions upon policies of insurance of property, so far as relates

to the amount and value of the property alleged to be injured or destroyed ; 2nd. In actions against carriers, so far as relates to the loss of property and the amount and value thereof ; 3rd. In all matters of business transactions, where the transaction was had and conducted by such married woman as the agent of her husband ; *Provided*, that nothing in this section shall be construed to authorize or permit any married woman, while the relation exists, or subsequently, to testify to any admissions or conversations of her husband, whether made to herself or third persons.

This statute permits a married woman to testify in the same manner as any other person, regardless of her interest, if she is the main and substantial party. (Tingley vs. Cowgill, 48 Mo., 291 ; Harriman vs. Stowe, 57 Mo., 93.) The fifth section maintains her exclusion as it existed at common law, and forbids her testifying to any admissions or conversations made by her husband either to herself or other persons. But the section makes her a witness either for or against her husband in actions upon policies of insurance, in respect to the amount of injury ; in actions against carriers, as to the value of the loss of property, and in cases where she has transacted business for her husband, as his agent. These three enumerated cases in which she is entitled to testify for her husband are in the nature of enabling acts, and originated in policy and necessity, as it frequently happens in such cases that the wife is the only person who has any correct or definite knowledge in relation to them. But they do not meet the point here. The solution of the question depends on whether the husband or the wife is the real party. Whilst the husband is the dry, naked trustee, and technically the party of record, it is evident that the wife is the meritorious cause of action, and the only person having any real or beneficial interest in the suit. The husband has no interest, and could have none, for our statute gives the wife the money absolutely, free from all molestation or control on the part of the husband. The suit then, is not prosecuted for the benefit of the husband, but for the wife. There could be no objection

28—VOL. LIX.

whatever to her being a witness for Mrs. Dunstan; but she was entitled to be also sworn in her own case. These are all the points it is necessary to examine on the record as it is now presented.

We think the General Term decided rightly, and its judgment must be affirmed; the other judges concur.