MARY C. TAYLOR ET AL v. TRAVELERS INSURANCE CO. ET AL.

Delivered January 20, 1897.

1.  Life Insurance—Insurable Interest.
   A woman has an insurable interest in the life of her intended husband.

2.  Witness—Transactions with Decedent—Guardian Ad Litem.
   A guardian ad litem is not a party to a suit, so as to be incompetent to testify as to transactions had with a deceased person through whom the other party claims.

APPEAL from Galveston. Tried below before Hon. WILLIAM H. STEWART.

*Tackaberry & Tackaberry* and *Edgar Watkins*, for appellants.—1. An engagement to marry does not give one of the engaged parties an insurable interest in the life of the other. Bliss on Life Insurance, sec. 7; Insurance Co. v. Hazlewood, 75 Texas, 349, 351; Schonfield v. Turner, 75 Texas, 324; Price v. Knights of Honor, 68 Texas, 361; Goldbaum v. Blum, 79 Texas, 638; Insurance Co. v. Williams, 79 Texas, 633; Lewy v. Gillard, 76 Texas, 400; Insurance Co. v. Blodgett, 27 S. W. Rep., 286; Mayher v. Insurance Co., 27 S. W. Rep., 124.

2. The court erred in allowing the guardian ad litem to testify to statements made by Allen Taylor to her, that Allen Taylor asked permission of witness to marry Josie O'Shea, and that Allen Taylor and Josie O'Shea were engaged. Rev. Stats., art. 2248; Parks v. Caudle, 58 Texas, 216; Stringfellow v. Montgomery, 57 Texas, 349; Redden v. Smith, 65 Texas, 26; Ellis v. Stewart, 24 S. W. Rep., 585.

*L. E. Trezevant*, for appellees.—1. An insurable interest is any reasonable expectation of pecuniary benefit or advantage from the continued life of the insured. The only essential inquiry is whether the object of the contract is such as to obviate the objections to a mere wager on the chances of human life. Josie O'Shea had an insurable interest in the life of Allen Taylor arising from their engagement to be married. Chisholm v. Insurance Co., 52 Mo., 213, cited and approved in Singleton v. St. Louis, 66 Mo., 63, and in 1 May on Insurance, sec. 107a; Anderson's Dictionary, "Insurable Interest;" Lemon v. Insurance Co., 38 Conn., 294; Johnson v. Van Epps, 110 Ill., 551.

2. A guardian ad litem is a species of attorney, and is not regarded for any purpose as a party to the suit. Martin v. Weyman, 26 Texas, 460; Leopold v. Meyers, 2 Hilton, 580; Anderson's Dictionary, 498.

NEILL, ASSOCIATE JUSTICE.—The appellants, Mary C. Taylor, Laura Shutz and Fanny Ingram, brought this suit against the Travelers Insurance Company and Josie O'Shea, alleging that they were the only heirs at law of Allen Taylor, who on March 11, 1895, met with an accident which resulted in his immediate death; that at the time of his death

Allen was insured in the Travelers Insurance Company, by a valid policy, in the sum of $1500, payable to Josie O'Shea, who had no insurable interest whatever in his life. They prayed for judgment on the policy for the amount of the insurance, and that Josie O'Shea take nothing under said policy of insurance.

The Travelers Insurance Company answered, admitting the validity of the policy on the life of Allen Taylor, and tendered the money, $1500, into court to be paid to whomsoever it might order.

Josie O'Shea, by her guardian ad litem, Kate O'Shea, answered by general denial, and by setting up that Josie was at the time of the issuance of the insurance policy and death of Taylor engaged to be married to him, and that, by reason of such contract of marriage, she had an insurable interest in his life.

The answer of Josie O'Shea was excepted to on the ground that the alleged marriage contract did not constitute an insurable interest in the life of the insured.

The case was tried with a jury and resulted in a judgment in favor of Miss O'Shea, from which the heirs of the deceased have appealed.

The policy recites that the premium was paid by the insured, and there seems to be no controversy as to the truth of this recital.

The only controverted issue of fact in the case is, were the appellee and Allen Taylor engaged to be married when the policy was issued and when the latter met his death. Upon this issue the appellee did not testify, presumably because she was prohibited therefrom under Revised Statutes, art. 2302. The evidence of the engagement was circumstantial, and statements of the fact of such engagement made by the deceased a short time prior to his death. This evidence, in our opinion, fully establishes the affirmative of the issue.

The main question of law, presented in various forms by the assignments of error, is, did the engagement of the appellee to marry Allen Taylor give her an insurable interest in his life, and entitle her to recover upon a policy issued on it payable to herself?

Before entering upon the consideration of this question, we will say that, outside of this State, the right of a man to insure his own life, and make the policy payable to whomsoever he chooses, irrespective of the question of insurable interest, seems never to have been doubted. Insurance Co. v. Schaefer, 94 U. S., 457; Insurance Co. v. France, 94 U. S., 561; Goodrich v. Treat, 3 Col., 408; Lemon v. Insurance Co., 38 Conn., 294; Fairchild v. Association, 51 Vt., 613; Insurance Co. v. Craigen, 6 Russ. & G. (Nova Scotia), 440; Association v. Houghton, 103 Ind., 286, 2 N. E. Rep., 763; 1 West. Rep., 284; Association v. Blue, 120 Ill., 121, 11 N. E. Rep., 331, 8 West. Rep., 642; Heinlein v. Insurance Co. (Mich.), 59 N. W. Rep., 615; Insurance Co. v. Barr, 68 Fed. Rep., 873.

This, however, appears to be an open question in Texas. Moyher v. Insurance Co., 87 Texas, 168, Heinlein v. Insurance Co., 25 Law. Rep. Ann., 630, note. Under our view of this case, it is unnecessary for us

to express any opinion on this question, and we have only referred to it for the purpose of saying that, by basing our opinion upon the ground of an insurable interest of the appellee in the life of the deceased, we do not wish to be understood as repudiating a principle elsewhere so well established.

Whenever there is such a relationship that the insurer has a legal claim on the insured for services or support, or when from the personal relation between them the former has a reasonable right to expect some pecuniary advantage from the continuance of the life of the other, or to fear loss from his death, an insurable interest exists. May on Insurance (3d ed.), sec. 102a.

That a woman has a reasonable right to expect some pecuniary advantage from the continuance of the life of him to whom she is engaged to be married, is beyond question. The consummation of the contract of marriage is of all contracts by woman most devoutly to be wished. Social position, wealth, happiness, though frequently never realized, are its anticipated concomitants. Its breach by her fiance gives her an action against him, entitling her to recover pecuniary compensation for the advantages she has lost from its non-performance. When it is terminated by his death, she is entitled to recover on an insurance policy that her intended husband has providently taken in her favor on his life, to indemnify her for the loss she has thereby sustained. Chrisholm v. Insurance Co., 52 Mo., 213; May on Insurance, sec. 107a; Richards on Insurance, sec. 27.

It is urged by appellants that the court erred in allowing Mrs. Kate O'Shea, appellee's mother, to testify that Allen Taylor asked permission to marry her daughter—the objection being that she was not allowed to testify under Revised Statutes, of 1895, article 2302. Mrs. O'Shea was simply a party pro forma, and was not, in contemplation of the statute, a guardian judgment could be rendered for or against. She was not for any purpose a party to the suit. Martin v. Weyman, 26 Texas, 460.

The statement of Mr. Ray testified to by Mrs. O'Shea was elicited by the appellants on cross-examination. They did not ask the court to exclude it. It should not have been repeated, but from its nature its repetition could not prejudice appellants.

No error is assigned requiring the reversal of the judgment, and it is affirmed.

                                                   *Affirmed.*