TERA THOMAS, DEFENDANT IN ERROR, v. NATIONAL BENEFIT ASSOCIATION, PLAINTIFF IN ERROR.

Submitted December 9, 1912—Decided March 3, 1913.

1. A beneficiary in a life insurance policy has something more than a mere pecuniary interest in the insured, when the relations between them are such as to justify a reasonable expectation that the continuance of the life of the insured will result in advantage or benefit to him.
2. The refusal of the Supreme Court to review a finding of fact by a District Court, there being some evidence to support such finding, affords no basis for an assignment of error in this court.

---

On error to the Supreme Court, whose opinion is reported in 52 *Vroom* 349.

For the plaintiff in error, *Frank E. Bradner* and *George A. Douglass.*

For the defendant in error, *Richard Stockton.*

The opinion of the court was delivered by

Gummere, Chief Justice. This action was brought in the Second District Court of the city of Newark to recover the

proceeds of a life insurance policy issued by the National Benefit Association upon the life of one Dora Cooper, and payable to Tera Thomas, the plaintiff. The trial of the cause resulted in a judgment for the plaintiff, and on appeal to the Supreme Court that judgment was affirmed. The propriety of the affirmance is now challenged by the defendant.

The principal contention made by the plaintiff in error, both in the Supreme Court and here, was that the policy sued upon is void, for the reason that the beneficiary, Mrs. Thomas, had no insurable interest in the life of the deceased; the policy requiring that "the beneficiary must have something more than a pecuniary interest in the insured, as speculative policies are not issued by this association."

The uncontroverted proofs submitted at the trial showed that when the decedent was about seventeen years of age Mrs. Thomas, who was not related to her in any way, took her from an orphanage asylum, gave her a home, and took care of and supported her until she was able to maintain herself, and that upon her death Mrs. Thomas took charge of the funeral and paid the expenses thereof out of her own pocket. It further appeared that, notwithstanding that Mrs. Thomas had never formally been appointed guardian of Miss Cooper, the latter looked upon her as such, even after she attained her majority. We think that these facts disclose an insurable interest under the terms of the policy. They show that the relation of the parties had been of such a character that each had reason to rely upon the other in time of need, and especially that Mrs. Thomas had a right to expect help and care during her declining years from Miss Cooper, if the latter was then in a position to render it. Although, as was said by Mr. Justice Field, in *Warnock* v. *Davis*, 104 *U. S.* 775, it is not easy to define with precision what will constitute such an interest, it may be stated generally to exist whenever the relations between the insured and the beneficiary are such as to justify a reasonable expectation that the continuance of the life of the former will result in advantage or benefit to the latter. It is not necessary, in order to create such an interest, that the insured shall be under any *legal* obligation, either financial or

otherwise, to the beneficiary. It is not even necessary that kinship shall exist between the parties. If the insured is under a *moral* obligation to render care and assistance to the beneficiary in the time of the latter's need, then the latter has an insurable interest, other than a mere pecuniary one, in the life of the former. *Opitz* v. *Karel.* 118 *Wis.* 527; *Chisholm* v. *Insurance Company,* 52 *Mo.* 213; *Cronin* v. *Insurance Company,* 20 *R. I.* 570.

The only other ground upon which a reversal of the judgment of the District Court was sought in the Supreme Court was that the policy had lapsed during the life of the insured, by reason of her failure to pay various premiums at the times when they respectively fell due or within four weeks thereafter, the policy containing a provision that such failure should work a forfeiture of all claims under it. The failure to pay these premiums within the time required by the policy was not disputed at the trial; but the trial court found from the evidence submitted that there had been a waiver by the defendant company of its right to enforce the forfeiture, and that, consequently, the delay in the payment of the premiums constituted no bar to the plaintiff's right of recovery. The Supreme Court, considering that the question whether there had been such a waiver or not was one of fact, to be determined by the trial court, refused to review its determination thereof, there being, as it found, some evidence in the case to support it. It is now argued before us that there was error in this conclusion of the Supreme Court, the assertion being that an examination of the case will show no proofs upon which an inference of waiver can be supported. It is enough to say, in disposing of this contention, that we find counsel's assertion to be contrary to the fact.

The judgment under review will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, TREACY, JJ. 11.

*For reversal*—None.