## REED v. SMITH et al.

### No. 1825.

Court of Civil Appeals of Texas. Eastland.

Sept. 16, 1938.

Rehearing Denied Oct. 7, 1938.

Leake, Henry & Young, of Dallas, and J. O. Hughes, of Fort Worth, for appellant.

Turner, Seaberry & Springer, of Eastland, for appellees.

LESLIE, Chief Justice.

Willis Ralph Smith, et vir, instituted this suit against the Metropolitan Life Insurance Company to recover on a group life insurance policy in the sum of $1,000 carried by the defendant company on the life of Frank Reed, deceased. At the time of his death, on December 2, 1936, said Reed resided in Fort Worth, Tarrant County, Texas, where he was an employee of the Texas & Pacific Railway Company. Previously he had resided in Cisco, Texas, where he was also an employee of that company.

Frank Reed was married twice. His first wife was named Effie Pearl Reed, whom he married July 14, 1923, and from whom he was divorced September 4, 1936. He made her the original beneficiary in the certificate of insurance dated June 29, 1934. Prior to the divorce decree, Frank Reed substituted appellee Willis Ralph Smith, on August 13, 1936, as the beneficiary in said certificate.

Frank Reed thereafter married Mrs. Ollie D. Reed, appellant herein, on November 7, 1936. The following December 2, 1936, he died at his home in Fort Worth.

Prior to the filing of this suit in Eastland County on April 15, 1937, Mrs. Ollie D. Reed, last wife and surviving widow of the deceased, was appointed administratrix of his estate by the probate court of Tarrant County, on March 2, 1937. She also instituted certain litigation designed to collect the proceeds of the insurance certificate, and after various proceedings and court rulings, unnecessary to set out here, she came in as a defendant in this suit and answered individually and as administratrix, urging general demurrer, general denial and set up a cross-action to recover on the policy as against both the appellee and the defendant insurance company. She sought such recovery individually and, in the alternative, as administratrix of the estate of Frank Reed. The insurance company tendered into court the amount due under the policy and asked that it be awarded to the person entitled thereto.

The cause was tried before the court and jury and was submitted to the jury upon a single special issue containing the term "insurable interest." In connection with the issue "insurable interest" was defined. The special issue submitted was as follows:

"Do you find and believe from a preponderance of the evidence herein that the plaintiff, Willis Ralph Smith, prior to his death had an insurable interest in the life of Frank Reed, deceased? Answer Yes or No. Answer: Yes.

"By the terms 'insurable interest' as used herein is meant such an interest in the life of the insured as entitles the beneficiary to a reasonable expectation of pecuniary benefit and advantage from the continued life of the insured. If such an expectation exists, the beneficiary need not be related to the insured either by blood or marriage."

In the light of the definition the jury answered the issue in the affirmative. Judgment was entered accordingly in favor of the appellee after overruling the appellant's motion for judgment non obstante veredicto. The appellant's motion for new trial was likewise overruled and appeal is prosecuted to this court and presented upon various assignments of error.

The controlling question for decision is whether or not Mrs. Ollie D. Reed,

the surviving widow of Frank Reed, deceased, is entitled to recover the proceeds of the policy of insurance either as surviving widow, or as administratrix of the estate to the exclusion of the named beneficiary (appellee) in said certificate of insurance. Stated differently, did the appellee, beneficiary in the policy, have a reasonable expectation of pecuniary benefit or advantage from the continued life of Frank Reed and therefore and by reason thereof have an insurable interest in his life? As reflected by the testimony, Willis Ralph Smith was never more than the stepdaughter of the deceased Frank Reed and his divorce from her mother (Mrs. Effie Pearl Reed) on September 4, 1936 dissolved that relationship. The authorities are uniform to the effect that a beneficiary related to the insured within the first and second degrees of consanguinity or affinity has an insurable interest by virtue of such relationship. Where neither of such relationships exists it must be shown from some other relationship of the parties that the beneficiary has in fact an insurable interest in the life of the insured in order to recover upon the policy of insurance. There is no statute in this state which defines insurable interest. It must appear as a prerequisite to recovery in such case that the beneficiary has a reasonable right to expect financial aid from the insured in the future and therefore an interest in his continued life, which facts and circumstances would be necessary to remove such a transaction from the realm of contracts condemned as against sound public policy.

The rule of law permitting recovery in such cases where the recognized relationships do not exist as a matter of law, is very well stated in the opinion in Taylor v. Travelers' Ins. Co., 15 Tex.Civ.App. 254, 39 S.W. 185, writ refused wherein it is said [page 186]: "Whenever there is such a relationship that the insurer [beneficiary] has a legal claim on the insured for services or support, or when, from the personal relation between them, the former has a reasonable right to expect some pecuniary advantage from the continuance of the life of the other, or to fear loss from his death, an insurable interest exists. May, Ins. (3d Ed.) § 102a."

In the case of American Nat. Life Ins. Co. v. Wallace, Tex.Civ.App., 210 S.W. 859, a case in which grandnieces of the insured undertook to recover on a policy of insurance, the court said [page 860]: "If Gussie Lowe and Willie Moore were grandnieces of Lizzie Barkin, their relationship was too remote to show that they had any insurable interest in her life, in the absence of testimony tending to show that they had reasonable ground to expect that if she had remained alive she would have contributed substantially to their welfare, financial or otherwise."

The rule of reasonable expectation of pecuniary benefit or advantage from the continued life of the insured is further recognized by our Supreme Court in the case of Wilke v. Finn, 39 S.W.2d 836, a case in which a mere friend of the insured undertook to recover upon a policy of insurance. It is there said [page 839]: "Because Fred Wilke, the beneficiary, was not related by blood or marriage to the insured, and had no interest in the policy and no claim thereto, except the naked fact that he was named beneficiary, and had no reasonable expectation of pecuniary benefit or advantage from the continued life of the insured, he had no insurable interest in the life of Herman Finn, deceased, and the trial court erred in awarding him judgment on the policy as against the administrator."

In the case of Wilton v. New York Life Ins. Co., 34 Tex.Civ.App. 156, 78 S.W. 403, a case in which a niece, with no expectation of pecuniary benefit from her uncle other than the probability of an occasional gift, was denied recovery on a policy of insurance, the rule is also stated thus [page 404]: "As to what relationship must exist between the parties to create in one of them an insurable interest in the life of the other is a question upon which the authorities are not so definite, but it seems to be settled that, when such interest is dependent alone upon consanguinity, the parties must be related as closely as the second degree, and such interest will only be presumed in favor of the husband, wife, father, mother, child, brother, or sister of the insured. Such interest, however, may exist in one not so related by blood or affinity to the insured when the facts show that he has a reasonable expectation of pecuniary benefit or advantage from the continued life of the insured."

For further authorities see Young v. Hipple, 273 Pa. 439, 117 A. 185, 25 A.L.R. 1541, annotations page 1547.

Upon the rule of law thus reflected by the authorities the special issue was submitted to the jury and answered as indicated. After a careful consideration of the evidence we are of the opinion that the

answer of the jury and the judgment entered thereon are well supported by the evidence.

It is unnecessary to set out the testimony in full, but we refer to it in substance: It is undisputed that as a child and stepdaughter of Frank Reed, deceased, the beneficiary (appellee) Willis Ralph Smith lived with him and her mother for approximately ten years. After her marriage she resided a part of the time at his home and her daughter was born there. She often ·visited him and he returned the visits to her home regularly. To others he constantly referred to her as his daughter and always referred to her child as his granddaughter. His affection for them is not to be doubted. When the child was born he paid the hospital, doctors and medical bills. He commonly bought clothes for the appellee and her daughter. He advanced money to enable the appellee and her disabled husband to engage in business. To his friends he expressed a desire that she be notified in case of his death or injury at any time. He delivered the key to his lock box to a friend with instructions that any effects left after his death be delivered to appellee. He not only made her the beneficiary in the policy, but otherwise expressed a desire that she have the proceeds of the same. In a letter he stated that he would use the funds, of which he was hopeful of recovering as back wages from his employer, with which to buy her an automobile. He gave her a radio and wrote her a letter agreeing, or stating his purpose to pay her $10 per month for her support, and expressed his intention to give her everything he had in the event of his death. He stated he expected to see after her while her husband was disabled and that it was his purpose to see that the child was educated.

The statement of facts is replete with this character of testimony reflecting the purpose of the deceased to render financial aid and assistance to the appellee, the beneficiary in the policy. Appellee's claim is not based solely upon the naked fact that she is named beneficiary in the policy, and the testimony does not indicate that the benefits conferred and intended to be bestowed on her by the deceased amounted to no more than an occasional gift. In fact, ·it would be difficult to imagine a case where one, not related within the accepted degrees of affinity and consanguinity, would be entitled to recover on such a policy, unless the facts of this case warrant such a recovery.

The instant case is unlike Finn v. Metropolitan Life Ins. Co., Tex.Civ.App., 16 S.W.2d 922, where the beneficiary, without insurable interest in the life of the insured, attempted to recover on the sole fact of having been named beneficiary in the policy. The other authorities cited by appellant are likewise cases in which the complaining beneficiary was without insurable interest in the life of the insured.

Other points presented in the brief become unimportant or immaterial if we are correct in the conclusions above expressed.

For the reasons assigned the judgment of the trial court is affirmed.