**BENEFIELD et al. v. UNITED STATES.**

No. 299.

District Court, S. D. Texas,
Galveston Division.

Jan. 27, 1945.

Randolph Pierson and Lockhart, Hughes & Lockhart, all of Galveston, Tex., for plaintiffs.

Brian S. Odem, U. S. Atty., and J. K. Smith, Asst. U. S. Atty., both of Houston, Tex., for defendant.

KENNERLY, District Judge.

This is a suit by plaintiff Margaret Scott Benefield (joined pro forma by her husband) against defendant, the United States of America, under the National Service Life Insurance Act of 1940, and Amendments, 38 U.S.C.A. § 801 et seq., to recover the insurance under such Act of Paul Benjamin Jenkins, a soldier in the United States Army, and who died March 28, 1943. Plaintiff was the step-daughter of Jenkins, and was designated by him to receive such Insurance. The Government contends that because at the time plaintiff was so designated, her mother was divorced from Jenkins, she was not a stepchild within the meaning of the Act and that such designation was not lawful.

The facts are substantially as follows:

(a) Beatrice Scott, the mother of plaintiff, was first married to Rafiel Scott, her father, and plaintiff is a child of such marriage. Beatrice Scott and Rafiel Scott were divorced December 14, 1931.

(b) Thereafter, on July 8, 1935, Beatrice Scott, under the name of Beatrice Bugress, married Jenkins, and continued to live with him as his wife until they were divorced about 1938 or 1939. Plaintiff lived with them, and was supported and maintained by them.

(c) The parties have stipulated as follows:

"It is agreed and understood that the following facts shall be taken as proved upon the trial of the above cause:

"That the defendant is a governmental body corporate; that prior to the time of Paul Benjamin Jenkins' induction into the army a divorce was obtained by the mother of this plaintiff from the said Paul Benjamin Jenkins; that the said Paul Benjamin Jenkins was inducted into the army and was a private in the Forty Seventh Quartermaster Truck Regiment, his serial No. being 38238574; that he received an honorable discharge from the army at Fort Ord, California on the 16th day of March 1943; that during his term of service in the army he applied for and there was issued to him on September 7th, 1942, by the United States of America Veterans Administration Certificate No. N 4 115 005 National Service Life Insurance which

was for the sum of $5,000.00 payable in case of death; that a certificate was issued over the printed signature of Frank T. Hines, Administrator of Veterans Affairs and countersigned at Washington, D. C. on December 14, 1942, by H. Estrine, Registrar.

"That the insured, Paul Benjamin Jenkins, died on March 28th, 1943 while the policy of insurance sued upon was in full force and effect.

"That Margaret Scott by letter dated March 29, 1943, received in the Veterans Administration on March 30, 1943, filed a claim for payment of the proceeds of the said policy of insurance; that on August 13, 1943, the Director of Insurance, Veterans Administration, released a letter to counsel for the plaintiff wherein he finally denied the plaintiff's claim upon the ground that the plaintiff was not within the permitted class of beneficiaries as provided in the National Service Life Insurance Act of 1940, as amended.

"That the parties hereto append their signatures so that this stipulation may be presented to the Court as a result of pre-trial hearing."

(d) After the divorce of Jenkins and plaintiff's mother, he continued from time to time to make contributions to the support and maintenance of plaintiff. This continued even after plaintiff married Benefield. Jenkins frequently referred to plaintiff as his daughter, saw her from time to time, and apparently had a genuine affection for her. When he went into the Army, he designated her to receive his insurance, and after he went into the Army, they corresponded. Their relation is so well reflected in a letter from Jenkins to her, dated February 23, 1943, that I quote same:

"Fort Ord, Calif.
"Co. D 257 QM Bn
"Feb. 23–1943.

"Mrs. Margaret Benefield. Dear daughter. I read your letter today and were very glad to hear from you. It found me well and doing fine and health but not in mind. Daughter I hope that by the time this reach you it will find you all enjoying the best of life. Margaret I am got too go over sea some time in March and it just keep me on a wonder and I wont get too come too see you before we sail unless something happen. And Margaret you don't have to send me that policy back because I have had the name change from Scotts too Benefield and I also asked them about my bonds and they said that they will mail them out some time in March. Margaret we will leave here about the 6th of March and go to San Francisco. And there is where we will be shipped from and I aint for sure but I think that we are going to South Arifrica and you will get a card telling you whether or not we got there safe. And Margaret about the cake you can send me some cookie if you are able to cook them and about the picture I will send you one in my next letter, and Margaret will you tell Bea that I said that she could at least answer my letter because I am not going to ask her for any think. I don't need nothing, because I have a little money save up. Margaret I goes too town every night and get drunk. I goes too Salmais, it is only 10 mile from camp, and I see Helen Hitchcock and her sister and Bro Milton every night, and Margaret if this baby be a boy will you name him after me. Name him Benjamin because I may not get back from over sea. And Margaret I am passing you as my daughter and I want you too keep up with that policy and if they asked you is I your father, tell em yes, and dont make no mistake. Oh well I guess I will stop here and you be a good little mother and don't be crabbed like Bea so give my love too all and write me right back.

"Your father
as ever."

It will be observed that he wants plaintiff to say that she is his daughter, and wants her child named for him.

■ (e) It is clear, and I find, that plaintiff had a reasonable expectation of financial benefit from the continued life of Jenkins, and, therefore, had an insurable interest in his life.

■ 1. I think that within the meaning of the National Service Life Insurance Act of 1940, plaintiff was the step-child of Jenkins, notwithstanding the fact that prior to the time he entered the Army and prior to the time he designated her to receive his insurance, he and her mother had been divorced.

The only Federal case in point seems to be Steele v. Suwalski, 7 Cir., 75 F.2d 885, 886, 99 A.L.R. 588, construing the old War Risk Insurance Act. If it be assumed that the rule in Texas is controlling, Steele v. Suwalski, supra, and that that is not the rule in Texas, I am not at all willing to say

that Congress meant that the term "step-child" as used in the Act should mean one thing in Texas and something else in the other (and perhaps most of the other) States of the Union.

But I think that is the rule in Texas. I think the weight of authority in Texas insurance cases is that the divorce of Jenkins and plaintiff's mother did not dissolve the relation of step-father and step-daughter between Jenkins and plaintiff. I adhere to my ruling on the Government's Motion to Dismiss.[1]

But the Government now cites and stands upon Reed v. Smith, Tex.Civ.App., 120 S.W.2d 302, and plaintiff now cites and stands upon American General Ins. Co. v. Richardson, Tex.Civ.App., 132 S.W. 2d 161. While the last mentioned case involves a construction of the Texas Workmen's Compensation Law, the reasoning therein is I think controlling here, and I follow it.

2. But in Texas, a person, regardless of relationship by affinity or consanguinity, having an insurable interest in the life of another may be the beneficiary of such other's insurance. Reed v. Smith, supra, and cases there cited: Drane v. Jefferson Standard Life Ins. Co., 139 Tex. 101, 161 S.W.2d 1057, and cases there cited.

In Steele v. Suwalski, supra [75 F.2d 888], it is said: "Where the relationship by affinity is in fact, as it was in this case, continued beyond the death of one of the parties to the marriage which created the relationship, and where the parties continue to maintain the same family ties and relationships, considering themselves morally bound to care for each other, the District Court properly found that the re-

lationship continued to exist and that appellee, in this case, was the sister-in-law of the deceased veteran within the meaning of 38 U.S.C.A. § 511."

The facts here are quite similar to those in Steele v. Suwalski. The relationship between plaintiff and Jenkins continued beyond the divorce of plaintiff's mother and Jenkins. I think they entitle plaintiff to recover.

Judgment will be rendered for plaintiff.

---

[1] I quote from the memorandum then filed:

"Defendant's Motion to Dismiss brings forward for decision the question of whether since the mother of Margaret Scott Benefield obtained a divorce from Paul Benjamin Jenkins prior to the issuance of the Policy, Margaret Scott Benefield was his stepdaughter within the meaning of the Act at the time it was issued.

"I think Defendant's Motion to Dismiss must be denied. In Steele v. Suwalski, 7 Cir., 75 F.2d 885, 99 A.L.R. 588, the facts were substantially identical to those alleged here by Plaintiffs, and it was held that relationship by affinity has not usually been regarded as terminated by the death of the spouse, or the divorce of the parties to the marriage out of which the affinity relationship arose, in cases involving a construction of an insurance policy. The cases are there referred to and fully discussed.

"It is there recognized that the Law of the State where the soldier resided and the questions arose should be looked to. I am cited to three Texas cases, i. e., Johnson v. State, 20 Tex.App. 609, 54 Am.Rep. 535; Stringfellow v. State, 42 Tex.Cr.R. 588, 61 S.W. 719; Lewis, Assessor, et al. v. O'Hair, Tex.Civ.App., 130 S.W.2d 379, but in neither was there involved the construction of a policy of insurance."