———o———

BOATMENS' SAVINGS INSTITUTION, Respondent, *vs.* ISAIAH FORBES, *et al.*, Appellants.

1. *Practice, civil—Defenses, withdrawal of.*—A party to a suit may at any time withdraw any defense set up by him.

2. *Practice, civil—Pleadings—Notes—Sureties—Allegations.*—When a party sets up as a defense against a note that he signed it as surety, he must state the name of the principal.

3. *Practice, civil, Pleadings—Sureties—Notes, Extension of—Payments—Presumptions.*—Where in the plaintiff's petition on a note it is alleged that payments were made after maturity, and the defendant claiming to be a surety alleges that the note was extended without his consent, but does not deny the payments, such failure to deny the payments is a presumption that they were made with his knowledge and consent, and will amount to a ratification of the agreement to extend the time of payment.

*Appeal from St. Louis Circuit Court.*

*John Wickham,* for Appellants.

I. Where several parties, all apparently makers, sign the same note, parol evidence is admissible to show that one signs as principal and the others as sureties. (Parsons on Notes and Bills, 233, note a; Garrett, *et al.,* vs. Ferguson's Adminis-

trator, 9 Mo., 128, 129; Scott vs. Bailey, 23 Mo., 147, 150; Smarr vs. Schnitter, 38 Mo., 481.)

II. The Court erred in refusing to permit appellant to strike out portions of his answer.

*Lackland, Martin and Lackland,* for Respondent.

The affidavit for a continuance states that defendant, Parker, expected the witness Downing to prove that the note sued on was executed and discounted for the benefit of the Philharmonic Society, and that defendant Parker signed the same for the accommodation of said Society; and was properly overruled, because the Philharmonic Society was not a party to the note.

ADAMS, Judge, delivered the opinion of the court.

This was an action on a promissory note for sixty-six hundred and seventy-eight dollars and fifty-seven cents.

The petition alleged that the plaintiff was a corporation duly created under the laws of this State, and that the defendant duly executed the note sued on to one William Downing, who negotiated and transferred the same to plaintiff. The petition states that on the 18th day of August, 1869, there was paid on the note three thousand dollars, and also a payment of one thousand dollars on the 23rd of September, 1869, and claimed judgment for the balance and interest.

Several of the defendants filed separate answers denying the existence of the plaintiff as a corporation, and denying the transfer of the note to plaintiff, and claiming other credits not allowed by the petition.

The defendant, George W. Parker, by an amended answer denied the existence of plaintiff as a corporation, and denied the transfer of the note to plaintiff, and also set up as a defense, that he was only surety upon the note, but did not state that any of the parties to the note were principals, nor for whom he was surety. He further alleged, that without his knowledge or consent the plaintiff made an agreement with the principal debtor and some of the co-sureties by which the time of payment of the note was extended for four months

from the 26th of February, 1868, to the 29th of June, 1868, and afterwards made another extension in the same way from the 29th of June, 1868, to the 2d of July, 1869.

The replication denied that defendant, Parker, was only surety, and alleged that he signed the note as principal with the other defendants, and denied the plaintiff had any knowledge that he was surety, and admitted the alleged extensions, but charged that they were made with the knowledge and consent and at the request of Parker.

A verdict and judgment were given against the defendants for the balance of the note, from which the defendants appealed to the General Term, where the judgment at Special term was affirmed, and an appeal taken to this Court.

The defendant, Parker, offered to withdraw that part of his answer denying the legal existence of the plaintiff and the transfer of the note, so that he might have the opening and conclusion before the jury. The Court refused to permit him to do this, and this action of the Court is relied on here to reverse the judgment.

We think that the defendant may at any time withdraw any defense set up by him, but the refusal of the Court in this case to suffer this to be done did not in any manner operate to the injury of the defendant, Parker, as the separate answers of the defendants put the same matters in issue, and consequently gave the plaintiff the right to open and conclude the argument before the jury.

When the case was called for trial the defendant, Parker, applied for a continuance on the ground of the absence of a witness, by whom he alleged he expected to prove that he executed the note in suit with the other defendants at the request and for the accommodation of the Philharmonic Society; and that the time of payment of the note had been extended as stated in his answer, without his knowledge or consent. This motion for a continuance was overruled, and the defendant excepted. On the trial of the case he offered to prove the same facts by other witnesses, and the Court ruled out the evidence. There is no pretense here that the Philharmonic

Society, whether it was a corporation or a private co-partnership, was a party to this note, nor is it claimed that either of the signers of the note was a principal and the others his sureties. The defendants, so far as the record or the proof given or offered shows, stood toward each other, and as to the payee or holder of the note, as principals.

In giving this note the defendants may have loaned their credit to the Philharmonic Society, but as to the creditor or holder of the note they are all principals.

But even if the defendants under any view of the case might be treated as mere sureties, this fact was not properly pleaded. The answer does not allege who was the principal for whom the defendant, Parker, engaged as surety. Besides, the petition sets forth payments as having been made to large amounts soon after the expiration of the time of the alleged extensions. These payments are not denied and the presumption therefore is, that they were made by all the defendants or by their consent and knowledge. This being the case, such payments would amount to a ratification of the agreements to extend the time of payment, and therefore if it be conceded that the defendant, Parker, was a mere surety, he could not claim a release by reason of extensions of time of payment which he had thus ratified. I find no error in the record sufficient to reverse the judgment.

Judgment affirmed. The other Judges concur.