## BALLOU vs. GILE, Administrator.

*December 4 — December 17, 1880.*

MUTUAL BENEFIT SOCIETIES. *(1) Principle on which their rules are construed. (2, 3) Rights of administrator and widow of deceased member. (4) Effect of the society's paying the money into court.*

1. In the case of a mutual society designed to secure, upon the death of a member, payment of moneys to those who are dependent upon him, the court should construe its rules and regulations liberally to effect its benevolent purpose, and should not so construe them as to defeat that purpose if their language admits any other reasonable construction.
2. When B. died, he was a member in good standing of a society, one of whose objects is, "to establish a *widow and orphans' fund*," from which, on the decease of a member, a certain sum shall be paid "to his family or those dependent on him, as he may direct." The rules provide for issuing to each member a "benefit certificate" showing the "names of his family or those dependent on ,him, to whom he desires his benefit paid;" that, in case of his failure to direct, "by will, entry or benefit

Ballou vs. Gile, Administrator.

certificate," who shall receive such benefit, "the council shall cause the same to be paid to the person or persons entitled thereto;" and that, "in case no person is entitled to the benefit, it shall revert to the widow and orphans' benefit fund." The benefit certificate issued to B. provided for payment of the money on his death to his infant children, and these died a short time before the father, and he gave no other direction, and left no children or descendants, or other person dependent on him for support, except· *his widow*. *Held*, that the widow was entitled to the benefit.

3. It seems that the administrator of the deceased member would in no case be entitled to said benefit *for the creditors* of the deceased.

4. The fact that the society, to avoid litigation, paid the money *into court*, instead of paying it to the widow, does not affect her right thereto.

APPEAL from the Circuit Court for *Winnebago* County. The defendant appealed from a judgment in favor of the plaintiff. The case is thus stated by Mr. Justice TAYLOR:

"This action was originally brought by the respondent against the 'Royal Arcanum,' a society incorporated by the laws of Massachusetts, to recover the sum of $3,000, which she claimed was due to her upon a benefit certificate of said society held by her husband, Walter H. Ballou, at the time of his death. The society did not dispute the indebtedness, but alleged that several other persons made claim to said sum of $3,000, and amongst them the appellant; and it asked to be permitted to pay the money into court, and that the contestants for the money be made defendants in its place; and thereupon the society was permitted to and did pay the money into court, the contestants were made defendants in its place, and the action was dismissed as to the society. The action was tried by the court without a jury.

"From an examination of the rules and regulations of the society, offered in evidence on the trial, it appears that the society is a purely benevolent one. By the fifth paragraph of article 2, entitled 'The objects of the order,' it is declared to be one of its objects 'to establish a *widow and orphans' benefit fund*, from which, on satisfactory evidence of the death of a member of the order who has complied with all its law-

ful requirements, a sum not exceeding $3,000 shall be paid *to his family or those dependent on him, as he may direct.'* The second, third, and fourth sections of what is termed Law III of the order, are as follows: Section 2. 'Each member shall enter upon his application the name or names of the members of his family, *or those dependent upon him, to whom he desires his benefit paid,* and the same shall be entered in the benefit certificate.' Section 3. 'A member may at any time, when in good standing, surrender his certificate and have a new one issued by paying a fee of fifty cents.' Section 4. 'In case no direction is made by a brother, either by will, entry or benefit certificate, the council may cause the same to be paid to the person or persons entitled thereto. In case no person or persons are entitled to the benefit, it shall revert back to the widow and orphans' benefit fund.' It is admitted by the society that Walter H. Ballou was a member in good standing, and had complied with all the lawful requirements of the order at the time of his death, and that $3,000 was due to such person or persons as by the rules and regulations of the order were entitled to receive the same at his death. A benefit certificate had been duly issued by the order to Walter H. Ballou in his lifetime, and in his application, and in the benefit certificate, he designated his two infant children as the persons to whom the money should be paid in case of his death. The evidence showed that, previous to the death of Walter H. Ballou, the two infant children to whom he had directed the money to be paid had died, and the said Walter H. Ballou also died a few weeks after the death of his children, and without having made any other direction as to the payment of the money. The deceased left a widow, but no children or descendants, or other person dependent upon him for support, except his widow, the respondent in this action. Under this state of facts the society determined that the case came clearly within the provision of section 4 of Law III, above quoted, and the local council of Oshkosh, of which the

deceased was a member, resolved that the $3,000 should be paid to the widow of the deceased, as being the person entitled thereto by the rules and regulations of the order. The appellant claims the money as the administrator of the deceased, and the evidence shows that if the money goes to the administrator it must be used to pay the creditors of the deceased, and the widow would receive no benefit therefrom."

*George W. Burnell*, for the appellant:

The money belongs to the estate of the assured, and must go to his administrator. The policy was, during the life of the assured, his sole property, which he might dispose of as he pleased. The children, having died before the assured, could take nothing. *Clark v. Durand*, 12 Wis., 223; *Kerman v. Howard*, 23 id., 108; *Archibald v. Ins. Co.*, 38 id., 542. The case is analogous to that of a legacy, which lapses if the legatee dies before the testator. Sec. 4 of Law III of the order applies only to cases where the deceased had never made any direction as to the payee in the benefit certificate. It therefore gives the council no authority to dispose of the fund in this case. The right having been fully vested in the deceased, the fund must pass under the statutes of distribution.

For the respondent there were separate briefs by *C. D. Cleveland* and *Finch & Barber*, and oral argument by *Mr. Cleveland* and *Mr. Barber:*

The Royal Arcanum is not an insurance company. Ch. 204, Laws of 1879. It is a benevolent society organized for the purpose of establishing a widows' and orphans' fund. Such organizations are favored in the law, and their agreements upheld. The fund must be distributed in accordance with the rules of the society. The amount payable under a benefit certificate is, by such rules, payable only to members of the family of, or persons dependent upon, the deceased member. It was never contemplated that it should be paid to an administrator and made liable for the debts of the deceased. *Hodge's Appeal*, Chicago Leg. News, Aug. 21, 1880, 401, 422; *Eadie*

*v. Slimmon*, 26 N. Y., 15; *Ruppert v. Ins. Co.*, 7 Robt., 155; *F. M. L. Ins. Co. v. Applegate*, 7 Ohio St., 292; *Dietrich v. Madison Relief Ass.*, 45 Wis., 79; *Gould v. Emerson*, 99 Mass., 154; *Chapin v. Fellowes*, 36 Conn., 132; *Burroughs v. Ins. Co.*, 97 Mass., 359; *Mœhring v. Mitchell*, 1 Barb. Ch., 264; *Swan v. Snow*, 11 Allen, 224; *Knickerbocker Ins. Co. v. Weitz*, 99 Mass., 157; *Potter v. Spilman*, 117 id., 322; *Barry v. Ass. Co.*, 59 N. Y., 593; May on Ins., § 392.

TAYLOR, J. We think that, under the fifth paragraph of article 2 above quoted, it is clear that the widow and orphans' fund was not established for the benefit of the creditors of a deceased brother, and that, if a deceased brother had no family or any other person dependent on him for support at the time of his death, no money would be due from the order to his administrator or any other person. We are also of the opinion that this case comes clearly within section 4 of Law III, above quoted; that Walter H. Ballou died not having made any direction, by will, entry or benefit certificate, as to who should receive the benefit of the $3,000, and the society had the power, under that section, to pay the same to the person or persons entitled thereto. There being no children 'or other descendants, or persons dependent upon him, except his widow, the order very properly directed the same to be paid to her. She comes within the class of persons for whom the fund was established. She is a widow, is a member of the family of the deceased, and dependent upon him. Her claim to the fund would seem to be perfect.

In determining who is entitled to receive the benefits of the provisions made by a society of this kind, it is the duty of the court to construe its rules and regulations liberally to effect the benevolent purposes of the order; and in no case so to construe them as to defeat such purpose, unless the meaning of such rules and regulations is so clear and certain as to admit of no other reasonable construction. This was the rule adopted

by this court in *Schunck v. The G. W. & W. F.*, 44 Wis., 369, and in *Erdmann v. Mut Ins. Co. of Order of Herman's Sons of Wisconsin*, id., 376; and it must be adhered to in this case. Again, if the widow is not entitled to receive this money, it not appearing that there is any other member of the family of the deceased living, or any other person dependent upon him, the $3,000 would revert to the widow and orphans' benefit fund, according to the terms of section 4 of Law III, above quoted, and in no case would the appellant, as administrator, be entitled to receive the same. This case is not, in any way, controlled by the cases in this court cited by the learned counsel for the appellant. The cases of *Clark v. Durand*, 12 Wis., 223; *Kerman v. Howard*, 23 Wis., 108; and *Archibald v. Ins. Co.*, 38 Wis., 542, were all cases upon ordinary life insurance policies, in which, by their terms, the several companies were obligated absolutely to pay the sum mentioned therein, upon the death of the insured, to the person designated by the insured; or, in case no one was designated, then to his personal representatives. In the present case, the association, on the death of a brother without designating any person to whom the benefit shall be paid, is bound only to pay to a member of the family, or to some other person dependent upon the deceased; and, in case there be no such person, is not bound to pay at all. We think the true meaning of the word "dependent," in this connection, means some person or persons dependent for support in some way upon the deceased; and as the proof shows that there was no other person so dependent upon the deceased except the widow, the money must be paid to her. And this is especially so in a contest between the widow and the administrator of the deceased, who, if he takes the money at all, must take it for the creditors, and the person entitled to his estate by law, whether such person be of the family of the deceased or dependent upon him or not.

The fact that the association has paid the money into court, instead of paying it directly to the widow, to avoid litigation

with the other claimants, can make no difference as to the rights of the persons claiming the same. If the appellant could not have recovered this money in a direct action against the association, he cannot recover it in this action. The association not having, for prudential reasons, paid the money to the party entitled thereto, the court must see that it is paid out as directed and required by the rules and regulations of the society; and, as we have said, according to such rules and regulations the widow in this case is clearly entitled to the money. It is quite immaterial whether the local council or the supreme council have the right, under the rules and regulations of the order, to direct to whom the money shall be paid in case the brother has failed to designate the person in the manner prescribed by such rules. The money having been paid into court, the court must now determine who is the proper person to receive it, irrespective of the action of either council. Whether the local council at Oshkosh had or had not the power to determine to whom the money should be paid, we are gratified to learn that the opinion of this court is in accord with the opinion of such council.

*By the Court.* — The judgment of the circuit court is affirmed.