BERG, by guardian *ad litem*, Respondent, vs. DAMKOEHLER, Administrator, Appellant.

112    587
e115    ¹565

*December 18, 1901 — January 7, 1902.*

*Life insurance: Change of beneficiary.*

1. Under a life insurance policy the insured had the right to change the beneficiary by filing with the company a written request, duly acknowledged, accompanied by the policy. He sent the policy to the company with a written request for a change, but the request was not acknowledged, and the company, retaining the policy, sent a blank application to its local agent, with instructions to have it signed and properly acknowledged. Before this was done the insured died. *Held,* that the beneficiary had not been changed.
2. After the death of the insured in such a case the company could not waive compliance with its rules in respect to change of beneficiaries, or affect the legal rights of the persons interested, by paying the money into court.

APPEAL from a judgment of the superior court of Milwaukee county: ORREN T. WILLIAMS, Judge. *Affirmed.*

On February 1, 1899, one W. L. Arven took out a policy on his life in the Pacific Mutual Life Insurance Company for $1,000, in which the plaintiff, his betrothed, was named as the sole beneficiary. The policy contained a provision

that the beneficiary might be changed by the insured at any time "by filing with the company a written request, duly acknowledged, accompanied by this policy, such change to take effect upon indorsement of the same upon the policy of the company." On April 13, 1899, Arven sent the company the following letter: "Inclosed find policy 31,688. Please change beneficiary to my estate." This letter was received at the home office in San Francisco about April 17, 1899. The company retained the policy, but sent the letter, with a blank form it had prepared for policy holders to sign when they desired a change in the beneficiary, to its local agent in Milwaukee, with instructions to secure Mr. Arven's application for change thereon. This was received April 22, 1899, and on the same day Mr. Arven died. No change in the beneficiary was made by the company. Proofs of death were duly furnished, and on June 16th this action was brought against the company to recover the amount due on the policy. The company acknowledged liability, and took the necessary steps to have the defendant *Frank Damkoehler* brought in to defend as a claimant of the money, as administrator of the estate of Arven. The money due on the policy was paid into court, and the company was relieved from further liability. The contest here is whether the plaintiff or the administrator shall have this money. The facts were stipulated, and the court decided that the plaintiff was entitled to proceeds of the policy. The administrator appeals from a judgment for plaintiff.

For the appellant there was a brief by *Sheridan & Wollaeger*, and oral argument by *James A. Sheridan*. They contended, *inter alia*, that the prescribed mode of change of beneficiaries is for the protection of the insurance company. Third persons as claimants cannot take advantage of the assured's failure to comply with it. The company's act in paying the proceeds of the policy into court and obtaining its release operates as a waiver of the prescribed requirements,

and an expression of its willingness to have the fund paid to the administrator of his estate. The condition in the contract relating to the acknowledgement of the written direction having been waived by the company for whose benefit it was made, it must be treated in this contest between the claimants as eliminated from the contract, and the contract is to be construed as if no such condition were in it. See 3 Am. & Eng. Ency. of Law (2d ed.), 999; *Manning v. A. O. U. W.* 86 Ky. 136; *Simcoke v. Grand Lodge A. O. U. W.* 84 Iowa, 383; *Depee v. Grand Lodge A. O. U. W.* 106 Iowa, 747; *Hall v. Allen*, 75 Miss. 175; *Stoelker v. Thornton*, 88 Ala. 241, 6 L. R. A. 140; *Martin v. Stubbings*, 126 Ill. 387; *Johnson v. Knights of Honor*, 53 Ark. 255; *Knights of Honor v. Watson*, 64 N. H. 517; *Titsworth v. Titsworth*, 40 Kan. 571; *Splawn v. Chew*, 60 Tex. 532; Bacon, Ben. Soc. & Acc. Ins. § 308; *Jory v. Supreme Council A. L. H.* 105 Cal. 20; *Hanson v. Minn. S. R. Asso.* 59 Minn. 123; *John Hancock M. L. Ins. Co. v. White*, 20 R. I. 457; *Brown v. Mansur*, 64 N. H. 39; *Woodmen of the World v. Rutledge*, 133 Cal. 640.

For the respondent there was a brief by *La Boule & Hunt*, and oral argument by *F. S. Hunt*.

BARDEEN, J. Under the policy in suit the insured had a right to change the beneficiary named therein by filing with the company a written request, duly acknowledged, accompanied by the policy. He attempted to make such change, but neglected to acknowledge his written request. The insurance company refused to recognize such request. It sent to its local agent in Milwaukee a blank form it had prepared for such cases, with instructions to have it signed and properly acknowledged. Before this could be done, the insured died.

The general rule is that the change in beneficiaries must be made in the manner required by the policy. *McGowan v. Supreme Court*, 104 Wis. 173. This rule, however, in this

state, is subject to several exceptions, one of which is that the insured may dispose of the policy by will, to the exclusion of the beneficiary, when he has paid the premiums and kept control of the policy. *Foster v. Gile*, 50 Wis. 603; *Estate of Breitung*, 78 Wis. 33. See *Clark v. Durand*, 12 Wis. 223; *Kerman v. Howard*, 23 Wis. 108; *Strike v. Wis. O. F. M. L. Ins. Co.* 95 Wis. 583; *Alvord v. Luckenbach*, 106 Wis. 537. Other exceptions are where the company has waived strict compliance with the rules; where it is beyond the power of the insured to comply with all the rules, and he has done all that is possible to secure the change; and also when he has pursued the rules and done all in his power to change the beneficiary, but dies before the new policy is issued. *McGowan v. Supreme Court, supra; Supreme Conclave v. Cappella*, 41 Fed. Rep. 1.

The defendant insists that the facts of this case bring it within the exception last mentioned. The difficulty with his contention is that it is not supported by the facts. The unacknowledged request was not in compliance with the requirements of the policy. The company refused to recognize it. The proper authentication of the written request was of importance to all concerned. It was material because made so by the contract. It was a protection to the company as against payment to persons who might fraudulently secure possession of the policy. It was a safeguard of the insured and his beneficiary for the same reason. *Mellows v. Mellows*, 61 N. H. 137. See *Rollins v. McHatton*, 16 Colo. 203; *Grand Lodge v. Fisk* (Mich.), 85 N. W. Rep. 875. The beneficiary had an actual, subsisting interest in the policy, subject to the right of the insured, who had paid the premiums, to vest it elsewhere. Until such action by the insured, the interest of the beneficiary is such a vested, subsisting interest as would pass to her administrator in case of her death. *Foster v. Gile*, 50 Wis. 603; *Patterson v. Natural Premium M. L. Ins. Co.* 100 Wis. 118. Upon the death

of the insured her interest became an absolute property in-
terest in the proceeds of the policy. The payment of the
money into court by the company did not change the legal
position of either party. *Ballou v. Gile*, 50 Wis. 614; *Ire-
land v. Ireland*, 42 Hun, 212. Unless the change of bene-
ficiaries had been properly made before the death of the
insured, or something done equivalent thereto under the
exceptions mentioned, the company was bound absolutely
to pay the amount of the policy to plaintiff. After the
death of the insured, the company could not change the
legal rights of the person entitled to the money by payment
into court. See *Wendt v. Iowa Legion of Honor*, 72 Iowa,
682; *Shuman v. A. O. U. W.* 110 Iowa, 642.

*By the Court.*— Judgment affirmed.

