OPITZ, Respondent, vs. KAREL, Administrator, Appellant.

*May 15—July 3, 1903.*

*Life insurance: Parol gift of policy: Validity: Insurable interest: Waiver: Evidence: Judgments: Appeal and error: Executors and administrators: Interest: Costs.*

1. A life insurance policy, payable to the personal representatives of the assured, provided that if assigned the assignment must be in writing; that the company should not be required to notice such assignment until the original or a duplicate thereof be filed in the home office, and that the company assumed no responsibility for its validity. *Held*, that such policy was the subject of a parol gift, *inter vivos*, without notice to the insurer.

2. In such case, the policy contained no agreement declaring the policy void in case of a transfer not in writing, nor any terms imposing restrictions on the insured to deal with third parties concerning it as his property. *Held*, that the provision at most was for the benefit and protection of the company, and did not prevent the insured from transferring the policy as a chose in action.

3. In an action by the alleged donee of a life insurance policy against the personal representative of the insured, who was named in the policy as beneficiary—the company having paid the proceeds of the policy into court,—the evidence considered, and *held* sufficient to show that the insured made a completed parol gift of the policy to the plaintiff, vesting the title to the fund realized therefrom in her.

4. A woman has an insurable interest in the life of the man whom she is under contract to marry.

5. Under a life insurance policy payable to the personal representatives of the insured, providing, among other things, that

if assigned the assignment must be in writing, the insured made a parol gift thereof to the woman whom he was under contract to marry. Action being brought on such policy, the insurance company paid the proceeds of the policy into court, and procured the personal representative of the insured to be made a party. *Held*, that the company thereby waived any objection it might have made to such transfer of the policy by the insured during his life time.

6. In such case, any objections to the transfer of the policy which the company might have made are not available to the personal representative of the insured.

7. In an action by the donee of a life insurance policy against the personal representative of the insured, who was named as the beneficiary in the policy, there was nothing to show that the personal representative was guilty of any misconduct or bad faith in defending the action. *Held*, that it was error to enter a personal judgment against the personal representative for interest and the costs and disbursements of the action.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Modified and affirmed.*

Plaintiff brings this action to recover the proceeds of a life insurance policy issued by the Prudential Life Insurance Company of America on the life of William Enos, payable to his executors, administrators, or assigns. She claims to be owner of this policy as a gift by the insured. The action was instituted against the company. It appeared, paid the amount due thereon into court, subject to its order, and prayed that Oscar Opitz, as administrator of the estate of William Enos, deceased, be substituted as defendant, which prayer was granted. The county court of Milwaukee county removed Oscar Opitz as administrator of said estate, and substituted the appellant, who was thereafter substituted as defendant. It appeared upon the trial that on May 24, 1894, William Enos, then twenty years of age, made application to the Prudential Life Insurance Company of America for insurance upon his life. The company issued him a policy for $1,000, conditioned upon the payment of the stipulated quar-

terly premium, and to be paid upon satisfactory proof of his death.   One of the conditions of said policy was:

"If this policy shall be assigned the assignment must be in writing and the company shall not be required to notice such assignment until the original or a duplicate thereof is filed in the home office.   The company will not assume any responsibility for the validity of any assignment."

William Enos died September 28, 1900.   At the time the policy was delivered to him by the company, on June 1, 1894, plaintiff and the insured were engaged to be married.   This promise and engagement of marriage continued until his death.   On the day the policy was received by him, he delivered it to the plaintiff, making her a parol gift thereof.   She accepted the policy, and held it up to the time of his death. The court found that the deceased ratified the gift after he became of age, that he gave her the money to pay the quarterly premiums, and that she applied the same upon the policy.   Upon this state of facts, the court awarded plaintiff judgment for the amount due on the policy, and for interest from the date the company paid the same into court to the date of the judgment, and for costs and disbursements incurred upon the trial.

For the appellant there was a brief by *Cummings, Hayes & Thiel,* and oral argument by *W. F. Thiel.*

*James H. Stover,* for the respondent.

SIEBECKER, J.   The facts in this case present the question, Could the proceeds of this policy be made the subject of a gift, as claimed by the plaintiff?   To consummate a gift *inter vivos,* there must be an absolute delivery of the subject of the gift by the donor, with an intention to part with his interest in and dominion over the property sought to be transferred.   The rule seems well settled that bonds and other negotiable instruments for the payment of money can be transferred by delivery to the intended donee as a gift with-

out a written assignment. The essential requirement in cases of gifts is that such a delivery shall be made as the nature of the subject sought to be bestowed reasonably admits of. Many of the strict requirements to the transfer of property by gift, indicated by the earlier cases, have been removed or relaxed to give a freer exercise to such a disposition of property. This modification of the law applies to what may be the subject of a gift, as well as the manner of executing it. In the case of *Crook v. First Nat. Bank,* 83 Wis. 31, 52 N. W. 1131, the court adopts the language of SHAW, C. J., in *Chase v. Redding,* 13 Gray, 418,—expressing the rule on the subject of gifts, as follows:

"Originally it was limited, with some exactness, to chattels—to some object of value deliverable by the hand; then extended to securities transferable solely by delivery, as bank notes, lottery tickets, notes payable to bearer or to order, and indorsed in blank. Subsequently it has been extended to bonds and other choses in action in writing, represented by a certificate, when the entire equitable interest is assigned."

The court further states:

"These cases all go on the assumption that a bond or other security is a valid, subsisting obligation for the payment of a sum of money, and the gift is in effect a gift of the money by a gift and delivery of the instrument that shows its existence, and affords the means of reducing it to possession." *Basket v. Hassell,* 107 U. S. 602, 2 Sup. Ct. 415; *Reed v. Copeland,* 50 Conn. 472; *Schollmier v. Schoendelen,* 78 Iowa, 426, 43 N. W. 282.

In some jurisdictions, it has been held that certificates of stock in a corporation can be the subject of a valid gift by delivery thereof, though the rules of the corporation prescribing the manner of executing an assignment have not been complied with. The basis of these decisions is that the law recognizes the binding effect of such transfers, as between the parties thereto, though it does not alter the relations which exist between the shareholder and the persons related to him by

reason of being members of the same company. *Commonwealth v. Compton,* 137 Pa. St. 138, 20 Atl. 417; *Reed v. Copeland, supra.* The suggestion that such an agreement cannot be relied upon, because it rests entirely in parol, is in conflict with the established rules controlling a transfer of property of this nature, where the delivery of the instrument which is the evidence of a subsisting obligation is a symbolical delivery of the property, and operates as a completed transfer of the title as between the parties to the transaction. No particular form or words or written instrument is required by the law to constitute an assignment of this class of property.

"Any order, writing, or act which makes an appropriation of the fund amounts to an equitable assignment, and an oral or written declaration may be as effectual as the most formal instrument. . . . The same is true as to gifts of choses in action, if a delivery, or what in judgment of law amounts to such, takes place." *Crook v. First Nat. Bank, supra; Wilson v. Carpenter,* 17 Wis. 516; *Skobis v. Ferge,* 102 Wis. 122, 78 N. W. 426.

The delivery of the instrument is a symbolical delivery of the fund, and the contract or gift becomes executed and completed, vesting title in the person receiving it.

It is strenuously contended that the rule is firmly established in this state, permitting no transfer of a policy in cases like this, except it be with the consent of the insurance company, and in the manner prescribed by the contract. Some of the recent cases relied upon in support of this proposition refer to change of beneficiaries. In *McGowan v. Supreme Court I. O. F.* 104 Wis. 173, 80 N. W. 603, the subject of changing beneficiaries by the certificate holder in a mutual benefit association was fully considered. It is there held that, if the holder of such certificate "wishes to change the beneficiary, he must make the change in the manner required by his policy, and the rules of the association, and that any material deviation from this course will render the attempted

change ineffectual. It is equally well settled that there are cases where literal and exact conformity with the requirements of the policy may be excused." The exceptions are considered and stated in the opinion upon a full review of the case of *Supreme Conclave R. A. v. Cappella,* 41 Fed. 1, and other cases. In the latter case of *Berg v. Damkoehler,* 112 Wis. 587, 88 N. W. 606, the question of changing beneficiaries by the insured in an ordinary life policy was considered, and the court states:

"The general rule is that the change in beneficiary must be made in the manner required by the policy. This rule, however, in this state, is subject to several exceptions, one of which is that the insured may dispose of the policy by will to the exclusion of the beneficiary, when he first paid the premiums and kept control of the policy." Citing *Breitung's Estate,* 78 Wis. 33, 46 N. W. 891, 47 N. W. 17; *Clark v. Durand,* 12 Wis. 223; *Kerman v. Howard,* 23 Wis. 108; *Strike v. Wis. O. F. M. L. Ins. Co.* 95 Wis. 583, 70 N. W. 819; *Alvord v. Luckenbach,* 106 Wis. 537, 82 N. W. 535.

The right to select a beneficiary, secured either by the contract, or under some provision of the charter or by-laws of the insurer, is in the nature of a power, and must therefore be exercised in compliance with the terms of the contract granting the power, while the right of a holder to transfer a policy on his own life, and in his possession and control, if not prohibited by its terms, has been upheld as a legal right attached to the contract. This distinction between the right to transfer a policy and to change beneficiaries has at times not been carefully observed in the construction of such contracts. The cases of *McGowan v. Supreme Court I. O. F.* and *Berg v. Damkoehler* present questions of a change of beneficiaries, and the principle applied as ruling those and like cases is in no way limited, modified, or affected by this right to transfer. The facts involved in those cases were in legal effect so unlike those involved in this case that the opinion in neither of those cases can properly be regarded as con-

trolling this case, nor in conflict with the conclusion we have reached. The recent case of *Rawson v. Milwaukee Mut. L. Ins. Co.* 115 Wis. 641, 92 N. W. 378, is a pertinent authority on this question. This court in that case states:

"In Wisconsin, however, there has existed from early times a principle of the law of life insurance which is unique and at variance with the law in most of the states. This principle is that a person who insures his own life for the benefit of another, and pays the premiums thereon, may (except as limited by statute as to married women) dispose of the policy by will, or in other manner not inconsistent with the terms of the policy, to the exclusion of the beneficiary named therein."

Though the beneficiary in such a policy has a vested interest, he can do nothing to prevent the insured, as equitable owner, from revoking such beneficial interest, retain it himself, or vest it elsewhere, when not prevented by the terms of the contract.

Appellant contends that under the contract in question the insured was prohibited from transferring this policy by will or otherwise, except by assignment in writing, and filing the original or a duplicate thereof in the home office of the company. The stipulation is:

"If this policy shall be assigned the assignment must be in writing and the company shall not be required to notice the assignment until the original or a duplicate thereof is filed in the home office. The company will not assume any responsibility for the validity of any assignment."

This condition contains no agreement declaring the policy void in case of a transfer not in writing, nor any terms imposing restrictions on the insured to deal with third parties concerning it as his property. The provision, at most, is for the benefit and protection of the company, which it may assert as against any claimant of the proceeds of the policy, other than the beneficiary named therein. It does not, however, prevent the insured from transferring it as a chose in action. We are unable to find anything in the contract or the condi-

tion attached which takes from the insured the right and power to dispose of the policy by any of the methods approved in the law, to the exclusion of the beneficiaries named in the policy. Such a policy is not to be distinguished from ordinary choses in action, and comes within the operation of the legal rules applicable to agreements involving pecuniary obligations. To deprive the policy owner of the right given him by the law to dispose of it, we must find clear and binding provisions to that effect. In addition to cases cited from this court, others supporting this doctrine are *Hewins v. Baker,* 161 Mass. 320, 37 N. E. 441; *Ireland v. Ireland,* 42 Hun, 212; *Olmsted v. Keyes,* 85 N. Y. 593; *Marcus v. St. Louis M. L. Ins. Co.* 68 N. Y. 625; Bacon, Ben. Soc. § 298, and cases cited.

The case, then, presents this situation: The deceased procured a policy on his own life for the benefit of his executors, administrators, or assigns; agreeing to pay the premiums; retaining possession and control of it up to the time of the alleged gift to the plaintiff. Under the law of this state, he had the right and power to transfer it in any of the ways provided by the law. It is difficult to perceive why his interest in the policy could not, in law, be held as properly subject to gift as notes, bonds, and certificates. It represents a subsisting obligation while in force, as do these written instruments. It is the evidence of an amount to be paid at a time fixed by the contract, though it may lapse by failure to comply with its terms. This contingency, however, cannot destroy its character as a transferable chose in action while it subsists as a valid obligation. The doctrine is supported by reason and authority. It has been held that the insured, having the power to transfer the policy under the law and the terms of the contract, may dispose of it by gift, and, when such transfer meets the requirements of the law constituting a gift, the title to the fund at its maturity is vested in the donee. *Travelers' Ins. Co. v. Grant,* 54 N. J. Eq. 208, 33

Atl. 1060; *Hogue v. Minn. P. & P. Co.* 59 Minn. 39, 60
N. W. 812; *Ireland v. Ireland, supra; Chapman v. McIl-wrath,* 77 Mo. 38; *Marcus v. St. Louis M. L. Ins. Co. supra;
Appeal of Madeira,* (Pa.) 4 Atl. 908; *Crittenden v. Phœnix
Mut. L. Ins. Co.* 41 Mich. 442, 2 N. W. 657; *Williams v.
Guile,* 117 N. Y. 343, 22 N. E. 1071; Thornton, Gifts &
Adv. 150, note 1.

The contention that it is not established in the case that the
insured made a complete delivery of the policy, and surren-
dered dominion over it, is not borne out by the facts. It ap-
pears he gave plaintiff this policy on the day he received it
from the company. She retained possession of it, except that
deceased procured it shortly before his death, to have it as-
signed to her in writing. At the suggestion of the company's
local agent, he postponed such assignment, with intention to
do this after his marriage to plaintiff, which was then ex-
pected to take place in the near future. On the same day he
returned the policy to the plaintiff, who retained and held it
up to the time of his death. These facts, coupled with the
other circumstances of the case, can leave no doubt that he
completely surrendered his dominion over the policy at the
time he first delivered it to the plaintiff. We must hold that
deceased had the legal right to, and did, make a gift of the
policy to the plaintiff, vesting title to the fund in her, and
therefore the contingency which would give the personal rep-
resentatives of the donor any interest in the fund did not
arise. When the gift was perfected and consummated,
donee's rights and interests became absolute, and all possi-
bility of a devolution of benefits of the policy upon the per-
sonal representatives of the insured ceased.

It was argued that nothing appeared, showing that an in-
surable interest existed between the insured and plaintiff, and
therefore all intendments should be presumed against the
gift. The following cases sustain the position that an insur-
able interest exists where one party "has a reasonable right to

expect some pecuniary advantage from the continuance of the life of the other, or to fear a loss from his death, . . . as in case of a man and woman between whom a contract of marriage exists." *Chisholm v. National C. L. Ins. Co.* 52 Mo. 203; *Taylor v. Travelers' Ins. Co.* 15 Tex. Civ. App. 254, 39 S. W. 185; *Same Cases,* 53 L. R. A. 825, note.

The company has paid the proceeds of the policy into the court for the lawful owner. By this act it has waived any objection it might have made to any transfer of the policy by the insured during his lifetime. Any objections to a transfer of this policy which this company might have made under this condition are not available to the defendant, as the personal representative of the deceased, nor any other person interested in his estate. The gift of the policy to the plaintiff made her the owner of the proceeds. We must hold that the judgment properly awarded her the amount due on the policy.

The court awarded judgment for interest on the fund for the time the fund was in court, and for costs and disbursements incurred by the plaintiff in the action against the defendant personally. Nothing appears in the record to show that he was guilty of any misconduct or bad faith in defending this action. Under such circumstances, the judgment should have directed such interest and costs and disbursements to be paid out of the estate. *Ladd v. Anderson,* 58 Wis. 591, 17 N. W. 320; *Wiesmann v. Brighton,* 83 Wis. 550, 53 N. W. 911. The judgment of the circuit court is erroneous in this respect.

*By the Court.*—The judgment of the circuit court is modified so as to render judgment for the interest and the costs and disbursements against appellant as administrator of the estate of William Enos, deceased; and, as so modified, the judgment is affirmed. The appellant is awarded costs on this appeal.