FAUBEL and others, Appellants, vs. ECKHART and others, Respondents.

*October 29—November 19, 1912.*

*Life insurance: Mutual benefit societies: Change of beneficiary: Waiver of regulations: Assignment of policy: Equitable assignment: Rights of parties.*

1. With certain recognized exceptions, a member of a mutual benefit association who wishes to change the beneficiary named in his certificate must do so in the manner required by the certificate and the rules of the association.

2. The association may waive compliance with such requirements by issuing a new certificate naming the substituted beneficiary, or by some equivalent act; but it does not waive compliance by interpleading contesting claimants and paying the money into court.

3. Where no beneficiary is named in the certificate and the fund is payable to the estate of the insured, he may make an effectual gift thereof, or transfer the same for value, without complying with such requirements, at least where there is no express regulation forbidding it or avoiding the certificate upon such transfer.

4. In so far as beneficiaries of the fund are named in the certificate, the insured has no title, ownership, or property which he can transfer by assignment. He has a mere power of appointment of a beneficiary during his lifetime, and in that power the beneficiary has no vested interest.

5. Although the insured may be equitably bound by a contract to exercise his power of appointment and change the beneficiaries, yet if he fails to execute that power equity cannot regard it as done, since to do so would nullify the rule that a change of beneficiary must be made conformably to the regulations of the association.

6. Where, however, a certificate was payable in part to named beneficiaries and in part to the estate of the insured, and he contracted for a valuable consideration to change it and have it made payable to his minor children, but died without having carried his agreement into effect, such contract amounted to an equitable assignment of that portion of the fund which was payable to his estate, and the children were entitled to the same as against his executor.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge.  *Reversed.*

For the appellants there was a brief by *Friedrich, Teall & Hackbarth,* and oral argument by *F. W. Teall.*

For the respondents there was a brief by *A. J. Hedding,* guardian *ad litem,* by *Adolph G. Schwefel,* of counsel, and oral argument by *Mr. Schwefel.*  They cited *Grand Lodge A. O. U. W. v. Child,* 70 Mich. 163, 38 N. W. 1; Bacon, Ben. Soc. (3d ed.) § 310; *Pennsylvania R. Co. v. Wolfe,* 203 Pa. St. 269, 52 Atl. 247; *Hall v. Allen,* 75 Miss. 175, 22 South. 4; *Supreme Conclave R. A. v. Cappella,* 41 Fed. 1; *Grand Lodge A. O. U. W. v. Noll,* 90 Mich. 37, 51 N. W. 268, 15 L. R. A. 350.

TIMLIN, J.    Ernst Eckhart held a certificate of membership in a fraternal association known as the Central Verein der Gegenseitige Unterstuetzungs Gesellschaft Germania. He died on March 27, 1910, a member in good standing in said organization, and his certificate entitled the beneficiary therein named to the sum of $2,000.    This membership began on or about August 18, 1888, and in the certificate then issued *Caroline Eckhart,* his wife, was named as beneficiary. Thereafter a suit for divorce by her was pending against him, and he was adjudged guilty of contempt for failing to pay suit money and alimony and committed to prison, from which he was released in April, 1909.    On May 20, 1909, deceased surrendered to the association the certificate in which his wife was beneficiary and obtained from it a new certificate in which *Barbara Faubel,* a sister of deceased, was named beneficiary in the sum of $1,000, *Louis Cords,* a friend of deceased, a beneficiary in the sum of $500, and the estate of deceased beneficiary in the sum of $500.    This sister and friend of deceased and the executors of the last will and testament of deceased are the plaintiffs and appellants in this action, and the widow and children of deceased are the defendants and

respondents herein.   The benefit association named paid the
$2,000 in question into court and interpleaded the parties to
this action and was itself discharged therefrom.   At the time
of the issuing of the certificate in question in August, 1888,
and from thence until the death of Ernst Eckhart on March 27,
1910, there existed a by-law of the association, regularly
adopted and in force, reading as follows:

"A member who desires to change the person or persons
named in the certificate as beneficiaries can, if he is in good
standing, return his certificate and he shall receive a new cer-
tificate payable to such persons as he may desire on payment
of one dollar.   The request for the change of certificate must
be indorsed on the back of the old certificate, signed by the
party, and sent to the secretary of the Central Society."

The divorce case was carried to judgment, and on Septem-
ber 20, 1909, the wife had judgment of divorce from her
said husband, which further provided that he pay her $50 for
her use and benefit and the costs of the action specified,
"which sums shall be and are a full and final division of the
estate of the defendant and are in lieu of alimony herein."
The circuit court found that on and prior to September 11,
1909, there was a large sum of money due from said deceased
to his wife upon the order for alimony in the divorce suit, and
that on the date mentioned, at a place specified, "it was mu-
tually agreed verbally between said *Caroline Eckhart* and the
said deceased that the said deceased would make his minor
children, *Caroline Kannenberg, Hilda Eckhart, Alfred Eck-
hart, Edwin Eckhart,* and *Henry Eckhart,* beneficiaries of
the said insurance and therein provide them with the full sum
of $2,000, upon condition that the said *Caroline Eckhart*
would release him from all claims for alimony and other
claims and demands arising out of their relations as husband
and wife and properly for consideration in said divorce ac-
tion, upon the payment to her of the sum of $50 and the costs
and disbursements of the action; that said agreement was

carried out by the said *Caroline Eckhart,* and thereafter judg‍ment for divorce duly obtained and entered in said circuit court."

Upon this state of the record the circuit court concluded that the minor children under this agreement were entitled to the $2,000 as against the beneficiaries named in the benefit certificate and the executors of the will of the assured. It is not claimed that the will contained any gift of this insurance money.

The statute provides:

"Any member may change the beneficiary named in his cer‍tificate or policy without the consent of such beneficiary, by complying with the by-laws of the society, order or associa‍tion which issued the same." Sec. 1955c, Stats. (Supp. 1906: Laws of 1899, ch. 101).

The cases decided are to the like effect. In *McGowan v. Independent Order of Foresters,* 104 Wis. 173, 80 N. W. 603, it is said to be well settled that one insured in a mutual bene‍fit association who wishes to change the beneficiary named in his certificate or policy must do so in the manner required by his policy and the rules of the association. The case of *Supreme Conclave R. A. v. Cappella,* 41 Fed. 1, is cited with apparent approval, and the comprehensiveness of such rule is accentuated by specifying three recognized exceptions to the rule, no one of which is applicable here. In *Berg v. Dam‍koehler,* 112 Wis. 587, 88 N. W. 606, in a contest between in‍terpleaded claimants of a fund paid into court by the associa‍tion it was decided that a written instrument signed by the insured, purporting to change the beneficiary, was insufficient for that purpose when the policy required in addition an ac‍knowledgment and this was not acknowledged. This case purports to follow and applies to such facts the rule of *Mc‍Gowan v. Independent Order of Foresters, supra.* In *Thomas v. Covert,* 126 Wis. 593, 105 N. W. 922, in a contest between interpleaded claimants, it is ruled that a provision in the con‍

stitution of the benefit association, made part of the contract with the insured, to the effect that the change of beneficiary could not be made by will, was binding on the certificate holder and prevented the appointment of a beneficiary by will. In *Armstrong v. Blanchard,* 150 Wis. 31, 136 N. W. 145, it is held that in the absence of such stipulation in the contract of insurance or in the by-laws of the insurer the insured may designate by will the beneficiary, provided he designates some person competent under the rules of the association to be a beneficiary. There is in all these cases a recognition of the right on the part of either the insurer or the beneficiary to insist that in order to be valid the change of beneficiary must ordinarily be made conformably to the stipulations of the policy and the rules of the association, except in the three instances mentioned in *McGowan v. Independent Order of Foresters, supra.* This is in accord with the weight of authority. 1 Bacon, Ben. Soc. (3d ed.) § 307. The association may waive compliance by issuing a new certificate naming the new or substituted beneficiary, or some equivalent act, but it does not waive compliance with its rules by interpleading the contesting claimants and paying the money into court. *Berg v. Damkoehler, supra; Opitz v. Karel,* 118 Wis. 527, 95 N. W. 948; *Ballou v. Gile,* 50 Wis. 614, 7 N. W. 561; *Keener v. Grand Lodge A. O. U. W.* 38 Mo. App. 543; *Sofge v. Supreme Lodge K. of H.* 98 Tenn. 446, 39 S. W. 853. On the other hand there is the case of *Opitz v. Karel,* 118 Wis. 527, 95 N. W. 948, where a parol gift *inter vivos,* accompanied with delivery of a life insurance policy payable to the estate of the insured, was held effective against the administrator of insured, although without notice to or knowledge of the insurer, and the policy provided that if the policy were assigned the assignment must be in writing and a duplicate filed with the insurer. It is said that the right to select a beneficiary, secured to the insured either by the policy or the charter or the by-laws of the insurer, is in the nature of a power, and

must therefore be exercised in compliance with the terms of the contract granting the power, while the right of the holder to transfer a policy on his own life and in his possession and control has been upheld as a legal right attaching to the contract. This distinction, it is said, between the right to transfer a policy and to change beneficiaries has not at all times been carefully observed. In *Stoll v. Mutual Ben. L. Ins. Co.* 115 Wis. 558, 92 N. W. 277, this distinction between a transfer of the policy for value and a mere change of beneficiaries is observed, and it is said that, while all assignees are beneficiaries, a mere beneficiary is not an assignee. After a transfer for value the insured could not displace the transferee by designating other beneficiaries. This was a policy originally payable to the estate of the insured. In the two last cases it is worthy of notice that the policies were originally payable to the estate or administrator of the insured.

Thus far the cases would seem to approve of a rule that while the insured must ordinarily, omitting now the three excepted instances, in order to effectively accomplish a mere change of beneficiary, comply with the stipulations of his policy and the binding regulations of the insurer, still he may, where there is no beneficiary named and the fund is payable to his estate, make an effectual gift or assignment, and *a fortiori* a sale and transfer, without complying with such regulations, at least where there is no express regulation forbidding such form of transfer, or avoiding the policy upon such transfer. We here encounter the case of *Hutson v. Jenson,* 110 Wis. 26, 85 N. W. 689, wherein it is said with reference to these certificates of membership in a mutual benefit association that the insured has no title, ownership, or property in the fund agreed to be paid to another after his death. He has a mere power of appointment of a beneficiary during his lifetime, and in that power the beneficiary has no vested interest. This case is also in line with the weight of authority. 1 Bacon, Ben. Soc. (3d ed.) §§ 236, 237, 289.

We have in this case a situation falling in part within one of the foregoing rules and in part within the other. The rule of law which requires, outside of the exceptions noted in *Mc-Gowan v. Independent Order of Foresters,* 104 Wis. 173, 80 N. W. 603, the change of beneficiary to be made conformably to the requirements of the policy and the by-laws and constitution of the benefit association, is simple, consistent, and easily understood and applied. It will diminish the occasions for family quarrels and the temptation to perjury in making proof of oral and comparatively secret agreements to change beneficiaries. The equities in the instant case, as is well remarked by the learned circuit judge, are with the respondents. But equity follows the law in such case, and wisdom, we think, forbids the engrafting of subtile and numerous exceptions upon the rule that, generally speaking, the power to change the beneficiary must be exercised conformably to the regulations of the insurer. There was in this case no change of beneficiary shown, only an agreement based upon a consideration to transfer the policy or to make such change. So far as the beneficial interest of *Faubel* and *Cords* is concerned there was no transfer, for the sufficient reason that the member had no interest which he could transfer. *Hutson v. Jenson, supra.* So far as these interests are concerned, he could only bind himself by contract to execute a power, and he made no attempt to execute it. To now regard it as done would evade the rule that the change of beneficiary must be made conformably to the binding regulations of the association and would in effect nullify that rule. But as to that part of the fund payable to the estate of the insured the latter did have a substantial and salable interest therein within the rule of *Opitz v. Karel,* 118 Wis. 527, 95 N. W. 948, and *Stoll v. Mutual Ben. L. Ins. Co.* 115 Wis. 558, 92 N. W. 277. By the contract between the insured and his wife found by the court and supported by a valuable consideration, made for the benefit of the defendants who were then infants, this interest

passed to such defendants.    It therefore follows that the judgment appealed from should be reversed, and judgment ordered that the sum paid into court be divided between the contesting parties in the proportion of one half to *Barbara Faubel,* one fourth to *Louis Cords,* and one fourth to the respondents who were infant children of the insured and his wife *Caroline* on September 11, 1909, costs to be in the discretion of the trial court.

*By the Court.*—It is so ordered; costs of this court to appellants.