MODERN WOODMEN OF AMERICA, Plaintiff, vs. BARBER, imp., Appellant, and ANDREWS, imp., Respondent.

*October 7—November 5, 1929.*

636

For the appellant there were briefs by *McConnell & Schweizer* of La Crosse, and oral argument by *Charles H. Schweizer*.

For the respondent there was a brief by *Lees & Bunge* of La Crosse, and oral argument by *George W. Bunge*.

ROSENBERRY, C. J. On behalf of the respondent it is urged that the defendant Estella cannot raise the question

of whether or not the defendant Bernice is a qualified bene-
ficiary; citing 19 Ruling Case Law, p. 1288, § 84; 45 Corp.
Jur. p. 169 and cases cited. Counsel for Estella, on the
other hand, claim that under the authority of *Ballou v. Gile,*
50 Wis. 614, 7 N. W. 561; *Berg v. Damkoehler,* 112 Wis.
587, 88 N. W. 606; and *Faubel v. Eckhart,* 151 Wis. 155,
138 N. W. 615, she is in a position to raise this question.

In *Faubel v. Eckhart, supra,* the court said:

"The association may waive compliance by issuing a new
certificate naming the new or substituted beneficiary, or
some equivalent act, but it does not waive compliance with
its rules by interpleading the contesting claimants and paying
the money into court." Among other cases cited is *Opitz v.
Karel,* 118 Wis. 527, 95 N. W. 948.

In *Opitz v. Karel, supra,* the court said:

"The company has paid the proceeds of the policy into
the court for the lawful owner. By this act it has waived
any objection it might have made to any transfer of the
policy by the insured during his lifetime. Any objections to
a transfer of this policy which this company might have
made under this condition are not available to the defend-
ant, as the personal representative of the deceased, nor any
other person interested in his estate."

So it seems to us that in *Opitz v. Karel, supra,* it was
held that payment into court by the company was a waiver
of the conditions of the policy relating to transfer and that
these conditions could not be asserted on behalf of the desig-
nated beneficiary, which in that case was the estate of the
deceased. And this seems to be in accord with the great
weight of authority. However it is not decisive of the issues
in this case. As already stated, the certificate in question
provided that, in the event that the beneficiary designated in
the policy became disqualified, it should then be payable to
the widow of the deceased. In that situation no application
to change the beneficiary was necessary. The policy was
by its terms self-executing in that respect. If Bernice was

not a qualified person, then by the express language of the policy the amount of it was payable to the widow. *Supreme Lodge v. Dewey,* 142 Mich. 666, 106 N. W. 140.

Was Bernice disqualified? The trial court found that she was not, and the question here is whether or not there is sufficient evidence to sustain that finding. It is not contended here that up to the time of her departure from the home of her uncle in January, 1926, she was not qualified, within the meaning of the policy, both as a member of his family and as a dependent. More specifically, then, the question is: Did that relationship continue during the year and nine months intervening between the time she left for her home in Lockport and the death of the insured. A careful consideration of all the evidence in the case convinces us that we cannot say that the finding of the trial court is against the great weight and clear preponderance of the evidence. The fact that she looked to him for money for her clothing; that he sent her birthday and Christmas presents; that she came to his home on at least one occasion for a visit during this period; the further fact that he had no children of his own; that she had been for many years a member of his family and wholly or partially dependent upon him, are circumstances which point rather persuasively to the fact that neither the uncle nor the defendant Bernice intended any other change in their relation than was made necessary by circumstances, and that the trial court was warranted in finding that the relationship established so conclusively was not terminated by the removal of Bernice to Lockport, Illinois. If she be given the benefit of the presumption that a status or relationship once established is presumed to continue until it is shown to be terminated, the position of the trial court is made still stronger. The only bit of evidence to the contrary is to the effect that the insured had considered changing the beneficiary in the policy from Bernice to his wife Estella, but even that circumstance, if it be considered established by competent evidence,

amounts to no more than a choice on the part of the insured of the one he thought more entitled to his bounty. He may well have considered that the claims of his wife upon him were superior to those of Bernice. That, however, did not extinguish the claim which Bernice had upon him. It is apparent that up to the time of his death the deceased had not determined upon any change of the relationship previously existing between him and his foster daughter. Mere absence from the home unaccompanied by other evidence of change does not operate to sever family ties or destroy family. relationships once established.

By the Court.—Judgment affirmed.