## WILSON et v BEHR

Ohio Appeals, 1st Dist, Hamilton Co

No 4998.   Decided Feb 17, 1936

John D. Ellis, Cincinnati, Henry M. Bruestle, Cincinnati, and Wm. C. Schuch, Cincinnati, for plaintiffs in error.

Grischy & Grischy, Cincinnati, for defendant in error.

## OPINION

By MATTHEWS, J.

After the case was argued in this court the plaintiffs in error (defendants ·below) raised the question of whether the plaintiff should not have proceeded by mandamus instead of by ordinary action to recover money. Assuming that the extraordinary remedy of mandamus was available, we are of the opinion that the ordinary remedy was also. No prejudice could result to the defendants by resorting to it, and, clearly, if the objection were substantial, it would have long since been waived. We, therefore, proceed to the question raised by the pleadings and the evidence.

The ordinance provided that upon the death of a member the ordinary death benefits ‚should "be paid to such person having an insurable interest in his life as he shall have nominated by written designation duly executed and filed with the Board, or if there be no such designated person then to his legal representatives." It is the ordinary death benefits that are the subject of controversy here.

The ordinance makes provision for different benefits when death results from accident occurring in the actual performance of duty, payable specifically to the widow, if any; or if none or she remarries, to the child or children under 18 years of age; and if there are neither widow nor children, then to dependent father or mother as the member shall designate.

These provisions and a statement in the form furnished that "Only a person having an insurable interest in your life, such as a member of your family, a relative or a creditor" could be a beneficiary, are urged as throwing light upon the meaning of "insurable interest", as that phrase is used in relation to ordinary death benefits.

While the practical construction placed by an administrative officer or board upon words of doubtful meaning may have great, and in certain circumstances, controlling effect, this rule can have no application where the terms are clear and explicit. **37 Ohio Jur.**, 698, et seq.. And this construction must be more than a mere expression of opinion by such officer or board. It must be predicated upon the actual application of the statute or ordinance and the weight to be accorded is measured largely by the duration of the acquiescence of the public in such construction.

In the case before us the ordinance was passed less than five years ago and there is no evidence that the question of the eligibility of a fiancee had ever arisen be-

fore in its administration. There has therefore been no practical construction placed upon it.

The fact that the Board of Trustees and the City of Cincinnati in this case have denied her eligibility is not an aid to the construction of the ordinance. The plaintiff's petition and their answers simply make up the issue submitted for decision. Neither assists in deciding it.

Nor do we think that the provisions relating to the beneficiaries of other benefits conferred limit or qualify the language relating to the beneficiaries of ordinary death benefits with which we are concerned here. If there is any significance to be attached it is that the city council knew how to be specific in that regard when such was its intention. Had it intended to restrict the right of the employe to nominate only members of his family as beneficiaries, the other provisions of the ordinance show it had the phraseology for that purpose, and used it in other circumstances and refrained from using it in relation to ordinary death benefits.

But it is said that the whole spirit and purpose of the city was to provide for the employe and his family, and particularly for his minor children; and that when the words are read with this spirit and purpose in mind an aura emanates from them favorable to the employe's estate and the minor child, notwithstanding the employe has specifically named another, and that this is in consonance with the general policy of the law. That the father of a minor child is under a moral and legal obligation to support the child there is no doubt. The legal obligation, however, ends with his death and he may entirely disinherit the child. The extent of his moral obligation to provide for his child after his death would undoubtedly be influenced by a variety of circumstances. In this case the record is silent on that subject. It may be that this decedent left an estate which devolved upon this minor child under the laws of descent and distribution. If it were material, we would presume that the decedent had performed his moral obligation.

So it seems to us that this case must be decided by giving to the phrase 'insurable interest" its ordinary meaning. It is conceded that a person to whom the insured is under contract of marriage has an insurable interest within the ordinary legal meaning of that phrase. It has been so decided in several cases. Modern Brotherhood of America v Hadden, 17 A.L.R., 576, (and annotation) 191 Ky., 331, 230 SW 307; Obitz v Karcl, 118 Wis., 527, 62 L.R.A 932;

Northern Life Ins. Co. v Burkholder, 283 Pac. (Or.) 739; Clements v Terrell, 145 SE (Ga.) 78; 20 Ohio Jur. 430; 2 Couch on Insurance, §362; May on Insurance (4th ed.), §107. We have been cited to no authority to the contrary and we have found none.

For these reasons, the judgment is affirmed.

ROSS, PJ, and HAMILTON, J, concur.