MATHEWS v CINCINNATI (city) et

Ohio Appeals, 1st Dist, Hamilton Co

No 5189.   Decided Dec 7, 1936

David L. Falk, Cincinnati, for appellant. John D. Ellis, City Solicitor, Cincinnati, and Edward F. Alexander, Assistant City Solicitor, Cincinnati, for appellees.

OPINION

By HAMILTON, J.

This case is here on two questions of law. The first question presented is on a motion of the defendant to dismiss the appeal, for claimed defects in the perfecting of the same.   We have examined the record on this point and find no jurisdictional bar to the consideration of the appeal.   The motion is therefore overruled.

The next question of law is as to the correctness of the trial court in sustaining the demurrer to the amended petition.

The amended petition in substance alleges that the plaintiff is the widow of James E. Mathews, deceased; that she is the duly appointed administratrix of his estate; that the City of Cincinnati is a municipal corporation and maintains a retirement system for the allowance of death benefits for its members, which retirement system was established by ordinance of the City of Cincinnati.   The ordinance is set forth completely in the amended petition. Among the provisions thereof is:

"(1)   Upon the receipt of proper proofs by the board of the death of a member ·in service which is not the result of an accident in the actual performance of duty, as defined ·in Paragraph E (1) of this section, there shall be paid to such person having an insurable interest in his life as he shall have nominated by written designation duly executed and filed with the board, or if there be no such designated person then to his legal representative:"

Plaintiff further alleges that her husband James E. Mathews died a natural death on September 12th, 1935; and was on said date a member in good standing of the retirement system, and that at the date of his death was an employe of the water works department of the City of Cincinnati, and that by reason thereof there is due his administratrix and the legal representative of his estate certain sums.

Plaintiff further alleges that decedent's application for enrollment contained a pretended designation of a beneficiary, but that no valid designation of any person was made and that the said pretended designation is void and of no effect, and that by reason thereof the death benefit accrues and becomes due and payable to the plaintiff, who is the legal representative of the decedent.

The amended petition alleges that proper proofs of death have been filed with the Board, payment demanded and refused, and the plaintiff then prays for judgment for the amount of money accumulated under the retirement system for the benefit of the parties.

The defendants demurred to the amended petition on the ground that it failed to state a cause of action and further raise the jurisdictional question of the kind of action.

If the plaintiff brought the proper proceeding, naturally the allegations of the amended petition are sufficient to state a cause of action for money only.   It is argued that this sort of an action cannot be maintained, but that the plaintiff's remedy should and must be by mandamus; that she could have no cause of action for money only, and defendants argue the proposition discussed in the case of **Mehl v State, reported in 130 Oh St 306.**   We do not find that that case exclusively holds that mandamus is the only remedy under such circumstances.   It does hold that the fireman's interest in the pension fund of the city is a gratuitous rather than a vested or contractual right.   It therefore follows

that the city might increase or reduce the amount of payment provided for in the ordinance, notwithstanding the membership.

This court stated in the case of **Wilson et v Behr**, decided February 17, 1936, **5 Ohio Opinions 424, (21 Abs 94)**, as follows:

"Assuming that the extraordinary remedy of mandamus was available, we are of the opinion that the ordinary remedy was also."

We are satisfied with this pronouncement as to the remedy and hold that in the case at bar the plaintiff could maintain an action ..t law for money.

The amended petition having stated a cause of action and the remedy pursued being available, it follows that the trial court was in error in sustaining the demurrer to the amended petition.

The judgment is reversed and the cause remanded to the Court of Common Pleas with instructions to overrule the demurrer to the amended petition, and to reinstate the amended petition, and for further proceedings according to law.

TATGENHORST, PJ, and ROSS, J, concur.